JOHN McWHIRTER, Administrator, *v.* T. A. McWHIRTER et al.

(Filed 3 May, 1911.)

1. Deeds and Conveyances — Wife's Money — Purchaser — Title to Husband—Resulting Trusts—Proof Required.

When a resulting trust for the wife is sought to be established upon the allegation that the husband purchased land with her money and took a deed to himself which is absolute in form and conveys the legal and equitable title to him, it is necessary that the trust be established by clear, strong and convincing proof.

155—10

2. **Same—Instructions Conflicting.**

> When the judge, in an action to declare a resulting trust in favor of the wife in lands purchased by the husband with her money, taking title by conveyance to himself, instructed the jury that the proof must be clear, strong and convincing, and, in another part of the charge, that a preponderance of the evidence is sufficient, the charge is conflicting and erroneous.

3. **Deeds and Conveyances — Resulting Trusts — Proof Required— Conflicting Instructions—Presumptions—New Trial.**

> When the judge in one part of his charge instructs the jury correctly and in another part incorrectly, as to the question of proof, it will be assumed that the jury acted upon the erroneous part, and a new trial will accordingly be awarded.

APPEAL by plaintiff from *Long, J.,* at the October Term, 1910, of MECKLENBURG.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Maxwell & Keerans for plaintiff.*
*McCall & Smith for defendant.*

WALKER, J. This action was brought by the plaintiff, as administrator of W. C. McWhirter, for the purpose of having sold certain land, which is described in the complaint and alleged to belong to his estate, for the payment of debts. The defendant, Mrs. R. J. McWhirter, answered the complaint and averred that the land did not belong to W. C. McWhirter, although he had the legal title thereto, for that he had bought the same with her money and for her benefit, and he therefore held it in trust for her. An issue was submitted to the jury as to the existence of the alleged trust, express or resulting, and the verdict was in favor of Mrs. McWhirter, the jury finding that W. C. McWhirter had purchased the lands with her funds and held the legal title in trust for her, having taken a deed for the land to himself, instead of to her, as he should have done. Judgment was entered upon the verdict and the plaintiff brings the case here by appeal to review the rulings of the Court, which he deems erroneous.

It is necessary to discuss but a single question, as there is an error in the charge of the court which entitles the plaintiff to another trial. The court at first charged the jury correctly that

as the deed to W. C. McWhirter was absolute in form, and upon its face conveyed the legal and equitable title to him, the defendant must establish the trust by clear, strong and convincing proof. *Lehew v. Hervett,* 138 N. C., 6; *Taylor v. Wahab,* 154 N. C., 219; *Cobb v. Edwards,* 117 N. C., 253. If the learned judge had stopped there, the charge, in this respect, would have been free from error, but he afterwards told the jury when instructing them again upon the quantum of proof required to establish the trust, that a preponderance of the evidence in favor of it is sufficient. These two instructions were conflicting, and the jury are not supposed to be capable of deciding, as between them, which is the correct one, and we must, therefore, assume that they were influenced in coming to a verdict by the erroneous one. *Edwards v. R. R.,* 132 N. C., 99 (Anno. Ed.); *Cressler v. Asheville,* 134 N. C., 314; *Williams v. Haid,* 118 N. C., 481; *Tillett v. R. R.,* 115 N. C., 662; *Edwards v. R. R.,* 129 N. C., 78; *Jones v. Insurance Co.,* 151 N. C., 56. For this error a new trial is ordered.

As to the trust, the law is well settled. "Where land is bought with the money of one person and is conveyed to another, the latter is trustee for the lender to the extent of the money so paid, without any express agreement to that effect." *Holden v. Strickland,* 116 N. C., 185. But in *Clements v. Insurance Co.,* at this term, we said that there is a strong presumption in favor of the correctness of a deed or other instrument as written and executed, and this fair and reasonable presumption will prevail, unless the party who alleges that it does not express the truth overcomes the presumption and shows to the contrary by satisfactory evidence which is clear, strong and convincing. It is for the jury to say whether the evidence is of this character. *Lehew v. Hewett, supra.* The rule which calls for that kind of evidence in such a case was adopted and was necessary for the safety of titles, and in order that contracts, deeds and other solemn instruments should not be lightly set aside or changed. The doctrine, as we have seen, has been extended and applied to a case in which it is attempted to show a parol trust, and thus virtually to nullify the deed, or, if the entire beneficial interest is not claimed, to amend or reform it in some way.

PEANUT Co. *v.* R. R.

The error of the court as to the quantum of proof is to be found in the defendant's third prayer for instructions, which was given to the jury. The judge modified the first and second prayers in this respect and stated the correct rule, but inadvertently, we suppose, failed to amend the third prayer. However this may be, the jury were left with two conflicting instructions, and may have been misled by them. There are other errors assigned by the plaintiff, but we will not discuss them, as they may not be presented again.

New trial.