JOHN P. DAIL, EXECUTOR OF THOMAS HILL, DECEASED (THOMAS HILL ORIGINAL PARTY PLAINTIFF), v. J. T. HEATH, C. S. C. (AND MRS. ANNIE BARWICK, MRS. ELIZA J. SUTTON AND J. M. ALDRIDGE, ADMINISTRATOR OF BARBARA HILL, DECEASED, ADDITIONAL PARTIES DEFENDANT).

(Filed 2 May, 1934.)

1. **Evidence D c—Objection that witness testifying in regard to bonds did not identify them as those in suit is not sustained.**

   Testimony of a declaration of deceased against his interest in respect to the bonds in suit which were in the possession of one of the litigants was objected to on the ground that the bonds were not identified. It appeared that the only bonds in possession of the litigant were the bonds in suit, and the objection is not sustained.

2. **Evidence E b—Silence in face of adverse claim by another under circumstances of this case held competent as admission by acquiescence.**

   Testimony that the person under whom defendants claim stated in the presence and hearing of the person under whom plaintiff claims that the bonds in suit belonged to her, and that the statement was heard and understood by the party under whom plaintiff claims and that he had ample opportunity to deny or dissent and did not do so, *is held* competent as an admission by acquiescence.

3. **Trial E f—**

   Exceptions to the court's statement of the contentions of a party will not be sustained on appeal where the alleged error was not called to the court's attention in apt time and no exceptions entered at the time.

4. **Appeal and Error J e—Instruction held not to constitute reversible error in view of all the evidence adduced at the trial.**

   An instruction in this case that if the husband bought the bonds in suit with money derived from crops grown on his wife's lands the bonds

would belong to the wife in the absence of evidence that he had rented the lands from his wife *is held* not to contain reversible error because of the provisions of C. S., 2514, that the husband should be liable for rents only for one year prior to the *institution* of action, there being evidence that the wife had repeatedly claimed title to the bonds, and there being no evidence that the husband had bought the bonds except that they were thereafter in his possession, and the evidence tending with equal force to show that the bonds were in the possession of the wife.

APPEAL by plaintiff from, *Grady, J.,* at November Term, 1933, of LENOIR. No error.

The purpose of the action is to determine the ownership of three unregistered United States 4¼ per cent coupon gold bonds, payable to bearer, held by J. T. Heath as clerk of the Superior Court pending the trial. The claimants are the plaintiff John P. Dail, executor of Thomas Hill, last husband of Barbara Hill, the defendants Annie Barwick and Eliza J. Sutton, children of Barbara Hill by her former husband Levi Hill, and J. M. Aldridge, administrator of Barbara Hill.

Barbara Hill under the will of Levi Hill had an estate for life in the farm on which she and her husband Thomas Hill resided and Annie Barwick and Eliza J. Sutton were remaindermen. It does not definitely appear who purchased and paid for the bonds.

The jury returned the following verdict:

1. Were the $2,000 worth of Liberty Bonds in question the property of Mrs. Barbara Hill, as alleged by the defendants? Answer: Yes.

2. If so, did Mrs. Barbara Hill give said bonds to her two daughters, Mrs. Barwick and Mrs. Sutton, during her lifetime as alleged? Answer: Yes.

Judgment declaring Annie Barwick and Eliza J. Sutton the owners and entitled to the immediate possession of the bonds. Plaintiff excepted and appealed.

*Rouse & Rouse for appellant.*
*Wallace & White and Shaw & Jones for appellees.*

ADAMS, J. In a conversation with the plaintiff's testator, F. A. Garner referred to government bonds found in Mrs. Barwick's home and the testator (Thomas Hill) remarked, "Yes, the bonds were some I gave my wife; they were her bonds." An exception was taken by the plaintiff on the ground that the bonds had not been identified; but the only bonds claimed by either party were those in the possession of Mrs. Hill and of her two daughters and their identity could not reasonably be questioned.

Mrs. Murvin testified that Mrs. Hill had said in the presence and hearing of her husband, Thomas Hill, that she had given the bonds to

her daughters, Mrs. Barwick and Mrs. Sutton, and had given Mrs. Barwick the keys to the trunk in which the bonds were kept; also that the statement had been made while they were resting during the noon hour. The husband heard and understood his wife's statement at a time when he had ample opportunity to deny or dissent, and from his passiveness or silence an inference of acquiescence might naturally be deduced. *S. v. Jackson,* 150 N. C., 831; *S. v. Walton,* 172 N. C., 931; *S. v. Pitts,* 177 N. C., 543.

Exceptions 7, 8, 9, and 10 are addressed to the statement of contentions which were not called to the attention of the court and to which no exception was entered, and the appellant cannot first complain when the case comes up on appeal. *Proctor v. Fertilizer Co.,* 189 N. C., 243; *S. v. Ashburn,* 187 N. C., 717. It is objected, however, that his Honor erroneously instructed the jury that upon the admitted facts Thomas Hill had no interest in the crops grown upon the lands occupied by him and his wife; that in the absence of evidence tending to show he had rented the lands from her the presumption is the crops were hers; and if he invested the rents and profits of the farm the property purchased by him would belong to his wife and not to him.

As a rule property purchased by a husband with the money of his wife creates a resulting trust in her favor (*Tyndall v. Tyndall,* 186 N. C., 272); but the appellant relies on C. S., 2514, which provides, "But no husband who, during the coverture (the wife not being a free trader under this section) has received, without objection from his wife, the income of her separate estate, shall be liable to account for such receipt for any greater time than the year next preceding the date of the summons issued against him in an action for such income or next preceding her death." If this section should be deemed applicable to suits of this character the instruction complained of does not call for a new trial. There is evidence that Thomas Hill received the income from his wife's farm and at one time had the bonds in his possession, and there is evidence that his wife had them in her possession, claimed them, and repeatedly said that she had given them to her two daughters. There is no evidence that Thomas Hill bought the bonds with his wife's money or, indeed, that he had bought them at all, apart from evidence tending to show they were in his possession. On the latter point the evidence tends with equal force to sustain the possession of the defendants. In these circumstances we do not regard the instruction complained of as just cause for disturbing the judgment and verdict. *McNeill v. R. R.,* 130 N. C., 256; *Pressly v. Yarn Mills,* 138 N. C., 410; *Eubanks v. Alspaugh,* 139 N. C., 520.

We think the evidence tending to show Mrs. Hill's delivery of the bonds to her daughters was properly submitted to the jury.