MARY J. HOGAN *vs.* DENNIS J. HOGAN & another.

Suffolk.   May 18, 1934. — May 26, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Trust,* What constitutes.   *Husband and Wife.   Evidence,* Presumptions and burden of proof.

A married woman, at the time of her marriage, held a mortgage upon certain real estate.   After her marriage and in a transaction which included a sale of real estate, she discharged the mortgage and, by her direction, a new mortgage was given in which her husband was named as mortgagee.   A suit in equity by her against her husband to require an accounting as to the principal and interest received on the mortgage was dismissed, the trial judge finding that the plaintiff had not sustained the burden upon her of proving allegations in her bill which in substance were that she was induced to enter into such transaction by the defendant's representations that he would hold the mortgage and its proceeds for her benefit.   The plaintiff appealed.   *Held,* that

(1) In the circumstances, there was no presumption that the mortgage was taken in the husband's name in trust for the wife;

(2) In the absence of proof of such a trust, it must be deemed that the mortgage was received by the husband with the intention that it be applied to the use and benefit of either him or his wife or both at his discretion;

(3) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on August 4, 1933.

The suit was heard by *Gray,* J., the evidence being reported.   Facts found by the judge are described in the opinion.   A final decree was entered dismissing the bill. The plaintiff appealed.

*H. W. Sullivan,* for the plaintiff, submitted a brief.

*H. R. Donaghue,* for the defendants.

RUGG, C.J. By this suit in equity a wife seeks to compel her husband to account to her for the principal and interest of a mortgage alleged to belong to her and to have been placed in his name upon a trust for her. The plaintiff and the defendant as well as other witnesses testified orally at the trial. The trial judge found that the plaintiff, at the time of her marriage to the defendant, held a mortgage for $1,500 upon real estate described in the bill; that, after her marriage, as a part of the transaction by which the property was sold she discharged that mortgage, and the purchaser on the same date gave a mortgage on the same property for $1,100 in the name of the defendant; that this was done by direction of the plaintiff in the presence of the defendant to the lawyer who drew the papers; that the plaintiff has not sustained the burden of proving the allegations of her bill, to the effect that she was induced to enter into this transaction upon the representation of the defendant that he was better able than she to handle business affairs, that he would cause the mortgage to be handled by his bank and pay the proceeds to her and that he would act as her agent with respect to the mortgage and account for the same to her; that the defendant has not sustained the burden of proving that the plaintiff was indebted to him prior to the marriage or that she agreed to turn over to him one half of her mortgages. A decree was entered dismissing the bill. The plaintiff appealed. The evidence is reported in full.

The appeal brings before this court questions of fact as well as of law. It is the duty of the court in these circumstances to examine the evidence and to decide the case according to its judgment; but the decision of the trial judge upon questions of fact based upon oral testimony heard by him will not be reversed unless it is plainly wrong. *Lindsey* v. *Bird*, 193 Mass. 200, 201. A careful examination of the testimony as printed in the record has been made. It need not be narrated nor summarized. It is enough to say that the findings of fact made by the trial judge cannot be pronounced plainly wrong. The credibility of witnesses was for him to determine. *Commonwealth* v. *Russ*, 232 Mass. 58, 70, and cases collected.

In view of the facts found, the ruling was right to the effect that there was no presumption that the mortgage was taken in the husband's name in trust for the wife. It was held in *English* v. *English*, 229 Mass. 11, 12–13, that when either husband or wife pays money or transfers property to the other, there is no presumption that it is received in trust. If a trust is alleged to exist, it must be proved. "In the absence of such proof, it must be deemed that the money, property or conveyance was received with the intention that it be applied to the use and benefit of either or both at the discretion of the recipient." That principle governs the case at bar.

*Decree affirmed.*