BRIGHT E. HONEYCUTT v. CITIZENS NATIONAL BANK IN GASTONIA, EXECUTOR AND TRUSTEE OF THE ESTATE OF C. E. HONEYCUTT, AND FODA HONEYCUTT MILLER; ZORA HONEYCUTT WORRELL; JOE W. HONEYCUTT; MAY HONEYCUTT FLOWE; BLAKE HONEYCUTT KEENAN; NELLIE M. HONEYCUTT; CARRIE BROOKS HONEYCUTT; EULA HONEYCUTT COLEY; BARTLEY L. HONEYCUTT, AND J. SAMUEL HONEYCUTT.

(Filed 19 October, 1955.)

**1. Husband and Wife § 14—**

Where the husband furnishes the entire consideration for a conveyance of land to himself and wife, the law presumes that the conveyance to her of an interest in the land was a gift, and the title vests in them as tenants by entirety.

**2. Husband and Wife § 12c—**

A conveyance by the wife to the husband of an interest in realty which does not contain certificate by the examining officer, incorporating a statement of his findings that the conveyance is not unreasonable or injurious to her, is void. G.S. 52-12.

**3. Same: Husband and Wife § 16—**

Where lands held by entirety are conveyed by husband and wife to a trustee, who reconveys to the husband, solely for the purpose of accomplishing an indirect conveyance of the wife's interest to the husband, G.S. 52-12 applies, and where the certificate required by the statute is not incorporated in the deed by the husband and wife to the trustee, such deed is void and the trustee's deed to the husband is ineffectual to convey title.

**4. Husband and Wife § 12c—**

G.S. 52-12 is not repealed by Chapter 73, sec. 21, Session Laws of 1945 (G.S. 47-116).

**5. Husband and Wife § 15d: Wills § 32½—**

Where husband and wife's conveyance to a trustee of land held by them by entirety and the trustee's conveyance back to the husband are ineffectual because of want of certificate required by G.S. 52-12 in the deed executed by them, the estate by entireties is not destroyed, and upon the death

of the husband, the wife becomes the sole owner as surviving tenant, with no right, title or interest of any kind passing to the husband's executor for the benefit of the creditors or devisees of the husband. Proceeds of sale of the land made by the executor subsequent to the death of the husband have the same status as the lands.

**6. Husband and Wife § 16: Executors and Administrators § 8—**

Where husband and wife's conveyance to a trustee of land held by them by entirety and the trustee's conveyance back to the husband are ineffectual because of want of certificate required by G.S. 52-12 in the deed executed by them, the estate by entireties is not destroyed, and upon the subsequent conveyance by the husband and wife of a part of the lands to third persons, the wife, in the absence of relinquishment of her rights by gift or contract, is entitled to one-half the proceeds of sale, and upon the death of her husband, may assert such right against the estate of her husband.

**7. Wills § 32½—**

The right to dispose of property by will is statutory, and testator may dispose of property owned by him at the time of his death, which otherwise would descend to his heirs or be distributed to his next of kin. G.S. 31-40.

**8. Wills § 44—**

The doctrine of equitable election applies when the testator attempts to devise specific property not owned by him to a person other than the true owner and provides other benefits for the owner of such specific property, but the doctrine is in derogation of the property right of the true owner and does not apply unless the intention of testator to put the beneficiary to an election appears plainly in the terms of the will. Therefore, the doctrine does not apply if testator considered the specific property so devised to be his own.

**9. Same—**

Even though testator makes his will under the mistaken belief that he was sole owner of lands held by himself and wife by entirety, the devise to his wife of their residence and bequests to her of personalty, with further bequest and devise of "all the residue of my property" to a trustee for distribution to others, *held* not to put the wife to her election, since the will contains no provision that manifests an intention that an election be required, the bequest and devise to others being only of property owned by testator.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *McKeithen, Special Judge,* May Term, 1955, of GASTON.

Civil action to determine ownership of certain real and personal property, claimed by plaintiff, the widow, and by the defendants, executor-trustee and devisees, of the late C. E. Honeycutt.

The judgment of the court below is predicated upon Findings of Fact set forth therein, to which no exception was taken, to wit:

"1. That trial by jury was waived by all of the parties, and it was stipulated by all of the parties that the matter was properly before the Court, and that the Court properly had jurisdiction of the controversy.

"2. That Bright E. Honeycutt, the plaintiff, is the surviving widow of C. E. Honeycutt, who died on or about the 3rd day of December 1951, leaving a Will, which has been duly probated in the office of the Clerk of the Superior Court in Gaston County, North Carolina; that the Citizens National Bank of Gastonia, North Carolina, is the duly qualified Executor of said Will having offered the same for probate and having qualified as Executor on the 6th day of December 1951; that the portions of said Will relevant to this controversy are as follows:

" 'THIRD: I give, devise and bequeath unto my beloved wife, Bright Elizabeth Helms Honeycutt, my right, title, interest and estate which I may have in and to our residence property located at 1133 East Franklin Avenue, Gastonia, N. C. My said wife shall also receive all funds payable under any and all policies of insurance on my life. I give and bequeath unto my beloved wife, Bright Elizabeth Helms Honeycutt, all of my personal effects, including automobiles, jewelry, provisions, equipment and household effects . . .

" 'FOURTH: All of the residue of my property of every nature and kind wheresoever situate, I give and devise and bequeath to the Citizens National Bank of Gastonia, N. C., as Trustee, to be held in trust for the following purposes and to be disposed of in the following manner:

" '1. To pay to my beloved wife, Bright Elizabeth Honeycutt, the sum of Fifty Thousand and No/100 ($50,000.00) Dollars;

" '2. As soon as practical after my death, said Trustee is to convert all of the residue of my property into cash or bonds, and after the payment of the devise to my wife, and after payment of any charges, duties, taxes, costs of administration and other expenses incident to the winding up of my estate, to divide the residue equally between my brothers and sisters, share and share alike: . . .'

"3. That for some years prior to the death of C. E. Honeycutt and until the 29th day of January 1950, C. E. Honeycutt and his wife, Bright E. Honeycutt, were the owners as tenants by the entirety, of certain tracts of land described more particularly in the complaint, said lands having been conveyed to C. E. Honeycutt and his wife, Bright E. Honeycutt, by various parties over a period of years; that the funds used for the purchase of said property were furnished by the said C. E. Honeycutt; that on or about the 31st day of January 1950, C. E. Honeycutt and his wife, Bright E. Honeycutt, the latter being the plaintiff in this action, executed a deed dated January 26, 1950, purporting to convey to Robert N. Rosebro of Gaston County, North Carolina, the twelve tracts of land described in paragraph 4 of the com-

plaint; that Robert N. Rosebro was at that time acting as Trust Officer of the Citizens National Bank; that said deed was executed in order to permit the said Robert N. Rosebro to transfer the title to said lands to the said C. E. Honeycutt in fee simple and was solely for the purpose of accomplishing an indirect conveyance of the plaintiff's property to her husband, and that thereafter, the said Robert N. Rosebro and wife, on the first day of February 1950, executed and delivered a deed dated '.... day of January 1950' to C. E. Honeycutt, said deed conveying the identical property conveyed to the said Robert N. Rosebro by deed dated January 26, 1950.

"4. That the deed from C. E. Honeycutt and wife, Bright E. Honeycutt, dated January 26, 1950, does not have attached to it a certificate of a proper probate officer reciting that at the time of its execution the same is not unreasonable or injurious to the rights of the said Bright E. Honeycutt as required by General Statutes of North Carolina, 52-12; that said deed bears only the acknowledgment of Margaret Palmer, Notary Public, certifying 'That C. E. Honeycutt and Bright E. Honeycutt, his wife, personally appeared before me this day and acknowledged the due execution of the annexed deed of conveyance.'

"5. That following the execution of the deed from Robert N. Rosebro and wife to C. E. Honeycutt, the said C. E. Honeycutt, on or about July 17, 1951, sold and conveyed a tract or tracts described in paragraph 4 of the complaint as Tracts A, B and C (which are the identical tracts described in the aforesaid deeds as Tracts 1, 3 and 4) to Gastonia Brush Company for a total purchase price of $35,000 of which sum $10,000 was paid in cash during the lifetime of C. E. Honeycutt, and the balance was evidenced by a promissory note in the face amount of $25,000, which note was secured by a deed of trust dated July 17th, 1951, said note and deed of trust being made to 'C. E. Honeycutt and wife, Bright E. Honeycutt.'

"6. That on or about October 17, 1951, a part of the tract described in the complaint as Tract E (which is described in the aforesaid deeds to and from Rosebro as Tract 5) was sold by C. E. Honeycutt to O. A. Vaughn for the purchase price of $10,500, which was paid in cash to the said C. E. Honeycutt.

"7. That on or about February 2, 1951 the remaining portion of the tract designated as Tract E in paragraph 4 of the complaint (which is Tract 5 in the aforesaid deeds), together with an additional sixty-three acres described in paragraph 4 of the complaint as Tracts I, J-1 and J-2 (which are parts of Tracts Nos. 7 and 10 in the aforesaid deed) were sold by C. E. Honeycutt to John Edwards for the purchase price of $11,230.00, which was paid in cash.

24—242

"8. That a portion of the tract designated as J-1 in paragraph 4 of the complaint (which is a portion of Tract No. 10 described in the aforesaid deeds from and to Rosebro) was sold on April 10, 1951, to M. B. Query, Jr., for the sale price of $1,537.50, of which $500.00 was paid in cash to C. E. Honeycutt, and the remaining balance evidenced and secured by a promissory note and deed of trust in the sum of $1,037.50, which note and deed of trust were payable to 'C. E. Honeycutt and wife, Bright E. Honeycutt.'

"9. That in the case of each of the sales referred to above, Bright E. Honeycutt, the plaintiff, joined in the execution of the deeds conveying said lands.

"10. That in each of the above cases, the cash sums paid, to-wit: By O. A. Vaughn $10,500.00, by M. B. Query, Jr. $500.00, by John Edwards $11,230.00, were all paid to the said C. E. Honeycutt and deposited by him and held by him in his personal bank account, and at his death, came into the hands of the defendant, Citizens National Bank, as Executor under the Will of C. E. Honeycutt; that no agreement or contract was made at any time between the said C. E. Honeycutt and his wife, Bright E. Honeycutt, prior to his death with reference to the distribution, division or disposal of said funds which totaled $32,230.00, and no portion of said sum was paid over to the said Bright E. Honeycutt by either C. E. Honeycutt during his lifetime or the said bank as his Executor after his death.

"11. That after the death of the said C. E. Honeycutt, the said bank, as Executor of his estate, collected the sum of $25,000 from the said Gastonia Brush Company, together with accrued interest on said sum, and now retains the said sum with interest; that the said Bank now retains the note executed by M. B. Query, Jr. in the sum of $1,037.50, which said note remains unpaid both as to principal and interest.

"12. That at the time of his death, C. E. Honeycutt owned other real estate in fee simple, to-wit: a multiple apartment building in Mecklenburg County, several tracts of farm land in Gaston County, three tracts of improved real estate in the City of Gastonia, and cattle and farming equipment, said real estate being valued at approximately $112,000, and said cattle and farming equipment being valued at approximately $30,000; that said property was owned by him at the time of his death in addition to cash money on deposit which had been realized from the sale of lands described above.

"13. That after the death of the said C. E. Honeycutt, the Citizens National Bank, purporting to act under directions contained in the Will of C. E. Honeycutt, sold additional lands described in the aforesaid deeds from Honeycutt to Rosebro and from Rosebro to Honeycutt as follows: (a) the tract described as Tract D in paragraph 4 of the

complaint (which is Tract 2 in the deeds) to Colonial Neon Southern for the sum of $10,250.00; (b) the tract described as Tract F in paragraph 4 of the complaint (which is Tract 6 in the deeds) to John G. Kienke for the sum of $5,269.00; (c) the tracts described as H-1 and H-2 in paragraph 4 of the complaint (which were parts of Tract 9 described in the deeds) to B. S. Roy and Sons for the purchase price of $8,953.60; that the sale of said lands made by the Bank totaled the sum of $24,472.60, which said sum the Bank now holds.

"14. That on or about the 21st day of September 1948, C. E. Honeycutt purchased a lot located in Fairmont Park in the City of Gastonia, North Carolina, and said lot was conveyed to C. E. Honeycutt and wife, Bright E. Honeycutt, as tenants by the entireties; that subsequent to the purchase of the said lot, the said C. E. Honeycutt constructed thereon a home, said house and lot costing approximately $29,950.00, which said sum was paid by C. E. Honeycutt prior to February 1, 1951; that at the time of the purchase of the lot, and during the construction of the said home, and thereafter, no discussion or agreement was had or made between the said C. E. Honeycutt and his wife, Bright E. Honeycutt, and no discussion or agreement was had or made between the said C. E. Honeycutt and wife, Bright E. Honeycutt, as to the distribution of funds collected by the said C. E. Honeycutt from the sale of tracts of land to Gastonia Brush Company, O. A. Vaughn, M. B. Query, Jr. and John Edwards, and no part of the funds collected as the sales price of said lands was used in the payment of the construction cost of said home or the purchase of said lot.

"15. That the plaintiff, Bright E. Honeycutt, was not familiar with the terms of the Will of the said C. E. Honeycutt prior to his death, and said Will was not in anywise discussed with her prior or subsequent to its execution; that the said Bright E. Honeycutt did in no way know of the provisions of the said Will until the question arose as to whether or not she was entitled to the proceeds of the notes given by M. B. Query, Jr., and Gastonia Brush Company; that she, at that time, discussed the question with her attorney and for the first time was advised that she was entitled to the property claimed in her Proof of Claim, which is attached to the complaint; that she accepted, prior to knowing of her claim, the sum of $50,000 as provided in paragraph 4, sub-paragraph 1, of the Will attached to the complaint, but at the time of her acceptance was completely unaware of her rights, had not had legal counsel, and was being advised solely by the defendant, Citizens National Bank, through its Trust Officer.

"16. That the said Bright E. Honeycutt filed the claim attached to the complaint as EXHIBIT E, claiming, (a) that she was entitled to one-half of the cash funds collected by C. E. Honeycutt during his lifetime

and held in his bank account until his death, said sum totaling $32,-230.00, of which the plaintiff claimed one-half, or $16,115.00; (b) that she was entitled to one-half of the notes given to secure the balance of the purchase price of certain lands by M. B. Query, Jr. and Gastonia Brush Company, which notes were payable jointly to C. E. Honeycutt and Bright E. Honeycutt in the face amount of $26,037.50, of which sum the plaintiff claims one-half, or $13,018.75, plus accrued interest; (c) that she is entitled to the total of the purchase price of the lands sold by the said Bank as Executor in the amount of $24,472.60.

"17. That following the discovery of the defect of title conveyed by the Bank to B. S. Roy & Sons and to John G. Kienke and Colonial Neon Southern, it was agreed between Bright E. Honeycutt and Citizens National Bank, as Executor, that Bright E. Honeycutt would execute a Quitclaim Deed to the said Bank covering the lands so conveyed by the Bank, provided that she would be entitled to the proceeds from said sale if she was entitled to the said lands, said agreement being set forth more fully as EXHIBIT D, attached to the complaint.

"18. That the Citizens National Bank now holds, as Executor, a sum of money in excess of $53,606.35, which said sum is sufficient to satisfy all debts and charges of administration as well as the claim filed by the plaintiff; that the said Bank had denied the claim of the plaintiff for the reason that the Bank, as Executor, and Trustee, filed with the proper taxing authorities the estate and inheritance tax returns of said estate, and said taxing authorities denied the right of said estate to the marital deduction in the sum of one-half of the amounts claimed."

The Conclusions of Law set forth in the judgment are as follows:

"1. That the deed referred to and attached to the complaint dated January 26, 1950, from C. E. Honeycutt and wife, Bright E. Honeycutt, to Robert N. Rosebro is void, and that said deed was wholly ineffective to pass any title to the said Robert N. Rosebro since it was made solely for the purpose of effecting a conveyance of title to C. E. Honeycutt individually.

"2. That at all times the plaintiff, Bright E. Honeycutt, has been the owner of an estate by the entireties in the lands described in the said deeds attached to the complaint.

"3. That the cash moneys derived from the sale of lands described in said deed during the life of C. E. Honeycutt were never distributed by the said C. E. Honeycutt, and that no agreement between C. E. Honeycutt and his wife was ever made for the distribution of the said moneys, and that the plaintiff is entitled to one-half of the sums realized from the sale of said land held by the entireties.

"4. That the notes representing the balance of the purchase money for land sold during the life of the said C. E. Honeycutt are payable

jointly to C. E. Honeycutt and his wife and were collected by the Citizens National Bank as Executor and Trustee after the death of the said C. E. Honeycutt, and the plaintiff is entitled to one-half of the proceeds of said notes and one-half of the accrued interest.

"5. That at the death of C. E. Honeycutt, Bright E. Honeycutt was the owner, as surviving tenant, of all the lands described in the deeds attached to the complaint which remained in the Estate of C. E. Honeycutt and by virtue of her agreement with the defendant Bank is entitled to the proceeds realized by the said Bank as Trustee from the sale of said lands.

"6. That the language of said Will does not put the plaintiff to an election since it does not appear clearly and unmistakably that the testator intended to dispose of property not his own; that the plaintiff was unaware of any rights and has not engaged in any conduct which should estop her from claiming her rights as surviving tenant by the entireties in the lands described in the deeds attached to the complaint."

Thereupon, it was "ORDERED, ADJUDGED AND DECREED, that the plaintiff have and recover of the defendants the sum of $53,606.35, together with interest thereon from and after the 31st day of August 1953."

Defendants excepted and appealed, assigning as error each of the Conclusions of Law and the judgment.

*Mullen, Holland & Cooke for plaintiff, appellee.*
*Geo. B. Mason and L. B. Hollowell for defendants, appellants.*

BOBBITT, J. The ultimate questions for decision are these: 1. Did the plaintiff own all or any part of the property in controversy as of the date of her husband's death? 2. If so, is she precluded from asserting her claims against defendants, based on such ownership, by her acceptance of benefits under her husband's will?

A deed to husband and wife, nothing else appearing, vests the title in them as tenants by entirety. *Byrd v. Patterson,* 229 N.C. 156, 48 S.E. 2d 45, and cases cited. The fact that the husband paid the entire purchase price, standing alone, does not affect the character of the estate vested in husband and wife. Where a husband purchases realty and causes the conveyance to be made to his wife, the law presumes that it is a gift and no resulting trust arises; and to rebut the presumption of gift and establish a resulting trust the evidence must be clear, strong and convincing. *Shue v. Shue,* 241 N.C. 65, 84 S.E. 2d 302, and cases cited. This well established rule applies with equal force when the husband purchases realty and causes the conveyance to be made to himself and his wife, as tenants by entirety, rather than to the wife as sole owner. In *Morton v. Lumber Co.,* 154 N.C. 278, 70 S.E. 467, the

husband paid the purchase price and caused the deed to be made to himself and his wife; and it was held that the title vested in them as tenants by entirety. In *Akin v. Bank,* 227 N.C. 453, 42 S.E. 2d 518, the husband paid the purchase price and caused the deed to be made to the trustee of a passive trust, for the benefit of himself and his wife; and it was held that, by virtue of our Statute of Uses, G.S. 41-7, the title vested in them as tenants by entirety.

Here there is no evidence to rebut the presumption of gift. Indeed, the Finding of Fact (#3) is that on and prior to 29 January, 1950, "C. E. Honeycutt and his wife, Bright E. Honeycutt, were the owners, as tenants by the entirety," of the lands here involved.

In passing, we note that a different rule applies when the wife pays the purchase price in money, as in *Deese v. Deese,* 176 N.C. 527, 97 S.E. 475, or in land, incident to an exchange of partition deeds, as in *Wood v. Wilder,* 222 N.C. 622, 24 S.E. 2d 474. But we are not concerned here with the common law and statutory bases for these decisions.

True, C. E. Honeycutt and wife, Bright E. Honeycutt, purported to convey the lands here involved to Rosebro; and Rosebro and wife purported to convey the identical lands to C. E. Honeycutt. The explicit Finding of Fact (#3) is that this transaction was "solely for the purpose of accomplishing an indirect conveyance of the plaintiff's property to her husband." Further, the explicit Finding of Fact (#4) is that there was not attached to such purported deed from the Honeycutts to Rosebro "a certificate of a proper probate officer reciting that at the time of its execution the same is not unreasonable or injurious to the rights of the said Bright E. Honeycutt as required by General Statutes of North Carolina, 52-12." The certificate is solely to the effect that the Honeycutts appeared before the Notary Public and acknowledged their execution of the purported deed.

In the absence of a certificate by the *examining* officer incorporating a statement of his findings that the conveyance was not unreasonable or injurious to the wife, such purported conveyance was void. Such a judicial or *quasi*-judicial determination and certificate is indispensable to the validity of a conveyance by a wife to her husband. G.S. 52-12; *Best v. Utley,* 189 N.C. 356, 127 S.E. 337. Since the purported deed to Rosebro was void, it follows that the purported deed from the Rosebros to C. E. Honeycutt is wholly ineffectual as a conveyance of title.

As stated by *Barnhill, J.,* now *Chief Justice:* "A married woman cannot convey her real property to her husband directly or by any form of indirection without complying with the provisions of G.S. 52-12. Any manner of conveyance—testamentary devises excepted—otherwise than as therein provided is void." *Ingram v. Easley,* 227 N.C. 442, 42 S.E. 2d 624, and cases cited.

The contention that G.S. 52-12 was repealed by Ch. 73, s. 21, 1945 Session Laws, now codified as G.S. 47-116, is without merit. In fact, Section 19 of said 1945 Act re-enacts G.S. 52-12, leaving intact and unimpaired the provisions presently applicable. Subsequently, G.S. 52-12 was amended in respects not material here by Ch. 111, 1947 Session Laws, and again by Ch. 1006, 1951 Session Laws. Suffice it to say, G.S. 52-12 and G.S. 47-116 relate to different subjects. There is no conflict.

As to lands owned by C. E. Honeycutt and wife, Bright E. Honeycutt, as tenants by entirety, when the husband died, the wife, as surviving tenant, became the sole owner. No right, title or interest of any kind passed to the executor for the benefit of the creditors or devisees of the husband. *Underwood v. Ward,* 239 N.C. 513, 80 S.E. 2d 267; *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566. The proceeds of sales made by the executor, subsequent to the death of C. E. Honeycutt, as set forth in the Findings of Fact (#13 and #17) are deemed to have the same status as such lands.

As to lands owned by C. E. Honeycutt and wife, Bright E. Honeycutt, previously sold and conveyed by them, nothing else appearing, the husband and the wife had equal right, as tenants in common, to the proceeds derived from such sales. *Wilson v. Ervin,* 227 N.C. 396, 42 S.E. 2d 468.

The cash paid as purchase price ($32,230.00) was collected by C. E. Honeycutt, deposited in his personal bank account, and upon his death passed into the hands of the executor. If it be conceded that, upon dissolution of the estate by entirety by their joint conveyance, the wife, by gift or by contract, might have relinquished her right to one-half the purchase price so collected (see *Deese v. Deese,* 176 N.C. 527, 97 S.E. 475), the explicit Finding of Fact (#10) is "that no agreement or contract was made at any time between the said C. E. Honeycutt and his wife, Bright E. Honeycutt, prior to his death with reference to the distribution, division or disposal of said funds which totaled $32,230.00, and no portion of said sum was paid over to the said Bright E. Honeycutt by either C. E. Honeycutt during his lifetime or the said bank as his Executor after his death." Furthermore, the explicit Finding of Fact (#14) negatives any suggestion that the purchase by C. E. Honeycutt on 21 September 1948, of the Fairmont Park Property, which property was conveyed to C. E. Honeycutt and wife, Bright E. Honeycutt, as tenants by entirety, affects the determination of this controversy. (It is noted that Finding of Fact #10 purports to bring forward paragraph 7 of the Stipulations, but through obvious inadvertence fails to include the $10,000.00 cash payment by the Gastonia Brush Company.)

The balance purchase price notes, for $25,000.00 and $1,037.50, secured by deeds of trust on the respective properties, were made payable to "C. E. Honeycutt and wife, Bright E. Honeycutt." Subsequent to the death of C. E. Honeycutt, the executor collected the $25,000.00 note. The $1,037.50 note remains unpaid, but the present judgment does not cover this item.

Our conclusion is that, when C. E. Honeycutt died, plaintiff, in her own right, as against the estate of C. E. Honeycutt, owned in fee the unsold portion of the lands here involved and a one-half interest in the money and notes received from the lands previously sold and conveyed , by their joint deeds.

Appellants seek to invoke the doctrine of equitable election. They contend that by her acceptance of benefits under her husband's will, plaintiff is estopped from claiming against his estate that which otherwise belongs to her. The court below held that the doctrine of equitable election has no application to the facts of this case. We agree.

The right to dispose of property by will is statutory. *Pullen v. Comrs.,* 66 N.C. 361; *Alexander v. Johnston,* 171 N.C. 468, 88 S.E. 785. A testator may dispose of property owned by him at the time of his death, which otherwise would descend to his heirs or be distributed to his next of kin. G.S. 31-40.

The doctrine of equitable election is in derogation of the property right of the true owner. Hence, the intention to put a beneficiary to an election must appear plainly from the terms of the will. *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29; *Bank v. Misenheimer,* 211 N.C. 519, 191 S.E. 14; *Rich v. Morisey,* 149 N.C. 37, 62 S.E. 762. Ordinarily, where the testator attempts to devise *specific property,* not owned by him, to a person other than the true owner, and provides other benefits for the owner of such specific property, such beneficiary is put to his election. *Sandlin v. Weaver,* 240 N.C. 703, 83 S.E. 2d 806; *Trust Co. v. Burrus,* 230 N.C. 592, 55 S.E. 2d 183. Even so, if it appears that the testator erroneously considered the specific property so devised to be his own, no election is required. *Byrd v. Patterson, supra; Benton v. Alexander,* 224 N.C. 800, 32 S.E. 2d 584; *Elmore v. Byrd,* 180 N.C. 120, 104 S.E. 162. An election is required only when *the will* confronts a beneficiary with a choice between two benefits which are *inconsistent with each other.*

Here the testator devises to his wife, *"my* right, title and interest and estate which I may have in and to our residence property located at 1133 East Franklin Avenue, Gastonia, N. C." (This property is not the subject of controversy.) He bequeathed to his wife the proceeds of his insurance policies and "all of *my* personal effects," etc. Thereupon, he bequeathed and devised "all of the residue of *my* property of every

nature and kind and wheresoever situate" to defendant bank as trustee, to be disposed of as directed.   (Italics added.)

The testator, in express terms, disposes only of property owned by him.   *Lamb v. Lamb, supra.*   The succinct statement of *Barnhill, J.,* now *Chief Justice,* in *Byrd v. Patterson, supra,* is applicable here: "Her (the widow's) property was not devised to another so as to compel her to decide whether she would stand on her rights or abide by the terms of the will."

The case of *Elmore v. Byrd, supra,* is directly in point.   There the wife purported to convey her separate property to her husband, but the deed was void for failure to meet the requirements of Rev. 2107, now G.S. 52-12.   Upon the husband's death, he devised "the lands of which he was seized," to his widow, for life, with remainder to others; and bequeathed his personal property to her upon like terms.   It was held that the realty described in the void deed was hers, in her own right, and that the doctrine of equitable election did not apply.

As in the *Elmore case,* it appears probable that the testator made his will under the mistaken belief that the realty described in the void deed was owned by him.   Too, it appears probable that the wife thought the said realty was owned by her husband by virtue of the void deed.   The testator might have made a different will had he been aware of the true status of the property.   On the other hand, had the widow been confronted with the necessity of making an election she might have dissented from the will.   These are matters in the realm of speculation. The determinative fact is that the will itself, which is the only basis on which the doctrine of equitable election may be invoked, contains no provision that manifests an intent that an election was required.

For reasons stated, the assignments of error are overruled and the judgment is

Affirmed.

WINBORNE, J., took no part in the consideration or decision of this case.