ROBERTA MOORE BRICE, PETITIONER v. LINDSEY ADOLPH MOORE, RESPONDENT

No. 7610SC206

(Filed 4 August 1976)

1. **Husband and Wife § 14— husband pays for land — tenants by entirety — presumption of gift to wife**

    Where a husband pays for land and has the deed made to himself and wife as tenants by the entirety, there is a presumption of an intent on the husband's part to make a gift to the wife of an interest in the property which continues when the tenancy by the entirety is later destroyed; and respondent's declaration by affidavit that he did not intend to make a gift to his wife was insufficient to rebut this presumption.

2. **Appeal and Error § 3— constitutional question not raised in trial court — no consideration on appeal**

    The Court of Appeals will not pass upon a constitutional question not raised and considered in the court from which the appeal was taken.

APPEAL by respondent from *Godwin, Judge.* Judgment entered 26 January 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 9 June 1976.

Petitioner instituted this action to have a certain land sold for partition. She alleged in her petition that she and the respondent were married on 6 September 1958 and divorced on 17 March 1975. She further alleged that while she and the respondent were married they owned as tenants by the entirety the property sought to be partitioned, and that she and the respondent now own the property as tenants in common. Peti-

tioner sought to hold her interest in the land in severalty and prayed that the court sell the land and divide the proceeds.

Respondent answered and denied the allegations in the petition. He alleged that "each of the properties described in the Petition were purchased with his money . . . [and that] the petitioner holds her interest in the said property in a resulting trust for the respondent and should be required to convey all of her right, title and interest in the said property to the respondent." Respondent alleged in his answer "that he had no intention of making a gift to the petitioner of any interest in the said property," and prayed that the petition be dismissed.

Petitioner moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. In support of her motion, petitioner submitted an affidavit stating that the parties purchased the land in controversy while they were married and used funds belonging to both parties to purchase the land. Petitioner further avowed that "to the extent that the respondent . . . supplied consideration for real estate placed in the name of the petitioner . . . that consideration and the real estate so purchased was a gift from Lindsey Adolph Moore to the petitioner, Roberta Moore Brice, who was at the time of the conveyance the wife of Lindsey Adolph Moore." She stated that the gift was absolute and that there was no agreement to hold the gift in trust for the respondent.

Respondent submitted an affidavit in which he stated that during the course of his marriage with the petitioner he purchased three parcels of land for which he paid $33,800, and that the petitioner did not contribute more than $845 toward the purchase of the properties. Respondent also stated that the properties were purchased in the names of both the parties because he had been "informed that if you were married, you had to have property deeded to both husband and wife." Respondent's affidavit asserted that he never intended to make a gift of the properties to his wife.

From the order granting summary judgment for the petitioner, respondent appealed to this Court.

*Gulley and Green, by Jack P. Gulley, for respondent appellant.*

*Brenton D. Adams for petitioner appellee.*

ARNOLD, Judge.

In ruling on a motion for summary judgment the court must look at the record in the most favorable light to the party opposing the motion. *Peterson v. Winn-Dixie,* 14 N.C. App. 29, 187 S.E. 2d 487 (1972). Respondent is the party opposing the motion here, and he contends in his first argument that summary judgment for petitioner was error because his assertion that he "had no intention to make a gift to the wife" was sufficient to rebut the presumption that the transfer was a gift to the wife. We disagree.

[1] Where a husband pays for land and has the deed made to himself and wife as tenants by the entirety, there is a presumption of an intent on the husband's part to make a gift to the wife of an interest in the property which continues when the tenancy by the entirety is later destroyed. *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598 (1955). To rebut the presumption of gift and establish a resulting trust the evidence must be clear, strong and convincing. *Bowling v. Bowling,* 252 N.C. 527, 114 S.E. 2d 228 (1960) ; *Honeycutt v. Bank, supra.* The burden is upon the husband to bring forward facts overcoming the inference of an intent to give to his wife. *Shue v. Shue,* 241 N.C. 65, 84 S.E. 2d 302 (1954) ; *Bowling v. Bowling, supra.* [*See* Bogert, Trusts and Trustees, Second Edition, § 459, Resulting Trust; examples of facts sufficient to rebut presumption of gift.]

Respondent's declaration by affivadit that he did not intend to make a gift to his wife was merely a reiteration of the same allegation contained in his answer. When the motion for summary judgment is supported, as required by Rule 56, the adverse party may not rest upon the mere allegations or denials of his pleadings, but he has to respond, by affidavits or as otherwise provided, by setting forth specific facts showing a genuine issue. *Millsaps v. Contracting Co.,* 14 N.C. App. 321, 188 S.E. 2d 663 (1972). Respondent did not set forth specific facts showing a genuine issue for trial by declaring what his intention was with respect to the property. Moreover, his declarations of intent after the controversy arose would not be admissible in evidence. See *Smith v. Smith,* 249 N.C. 669, 107 S.E. 2d 530 (1959).

[2] In his second argument respondent contends that the North Carolina law with respect to purchase-money resulting trusts

is unconstitutional as applied to husbands and wives. He argues that there is no justifiable basis for the presumption that the land is a gift to the wife where the husband purchases land which is conveyed to husband and wife, since there is no presumption that the land is a gift to the husband if the wife purchases it and puts the title in both husband and wife. Respondent asserts the unconstitutionality of the presumption of gift to the wife, and argues that there should be no distinction between the man or woman with respect to such presumption. The record does not reflect that this constitutional argument was presented or considered by the trial court, and as a general rule this Court will not pass upon a constitutional question not raised and considered in the court from which the appeal was taken. *Carpenter v. Carpenter*, 25 N.C. App. 235, 212 S.E. 2d 911 (1975), *cert. denied*, 287 N.C. 465, 215 S.E. 2d 623 (1975).

The judgment appealed from is

Affirmed.

Judges PARKER and HEDRICK concur.