ELOISE TARKINGTON v. ZEBULON VANCE TARKINGTON

No. 7915SC618

(Filed 4 March 1980)

**Trusts § 13.4— wife furnishing down payment for land—title in husband and wife as tenants by entirety—no resulting trust for wife**

> The trial court correctly ruled that the parties had certain property as tenants by the entirety and that no purchase money trust resulted in favor of plaintiff where the evidence tended to show that the parties purchased a home which cost $36,000; plaintiff furnished $19,800 from her personal savings account; the balance of the purchase price was secured by a note and deed of trust signed by both plaintiff and defendant; defendant was thus liable for a portion of the consideration furnished to pay for the realty; by plaintiff's own admission, defendant paid some of the subsequent monthly payments on the note and deed of trust; at the time the property was purchased, it was understood that the property would be deeded to both plaintiff and defendant; it was not against plaintiff's wishes that the property was deeded to both of them; and plaintiff assumed that each of them would own a one-half undivided interest in the property.

APPEAL by plaintiff from *Martin (John C.), Judge.* Judgment entered 26 February 1979 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 29 January 1980.

Plaintiff brought this action against her husband seeking the conveyance of a fee simple title to her in a certain piece of realty held by her and her husband as tenants by the entirety. She based her claim in the property upon the theory of a purchase money resulting trust. The parties waived a trial by jury.

The presiding trial judge upon hearing the evidence found the following pertinent facts:

5. That plaintiff and defendant were married on November 25, 1973, and lived together as husband and wife until May 5, 1977;

6. That the plaintiff, Eloise Tarkington, was married to Boyd Holt Wright in 1949, and was widowed in 1967, and that the plaintiff married the defendant, Zebulon Vance Tarkington, on November 25, 1973;

7. That from the Social Security payments received by the plaintiff by reason of the death of her first husband and from her earnings prior to her marriage to the defendant, the

plaintiff accumulated a substantial savings account, having funds in excess of $20,000.00 on or about April 18, 1974;

8. That on April 18, 1974, plaintiff and defendant purchased a house and lot located at 519 Williamsdale Drive, Graham, North Carolina, receiving title therefor as tenants by the entireties from Equitable Life Assurance Society and that as down payment for the purchase of said property, the plaintiff withdrew the sum of $19,800.00 from her savings account, which was her sole and separate property, and paid that amount directly to or for the benefit of Equitable Life Assurance Society;

9. That the balance of the purchase price was around $16,500.00, the purchase price being $36,000.00 and was secured from a loan from Graham Savings and Loan Association the loan secured by a note signed by the plaintiff and the defendant and by a deed of trust on said property signed by the plaintiff and the defendant;

10. That the deed from Equitable Life Assurance Society to the plaintiff and defendant as husband and wife was not made at the specific request of the plaintiff or the defendant, but from the evidence offered in court both the plaintiff and the defendant testified that the deed was made to them as husband and wife with the knowledge of both and for the reason that each assumed that the property should be placed in the joint names as tenants by the entireties due to marriage;

11. From the evidence the Court finds that at the time of the transaction the plaintiff was under the impression that each of the parties would own an equal interest in the home, and with that impression she voluntarily furnished the money for the down payment of the house, and that the plaintiff testified that she does not contend that the deed to herself and the defendant as tenants by the entireties was as a result of any coercion or dishonesty on the part of the defendant;

12. The Court finds as a fact that there is no clear, strong and convincing evidence that at the time the property was titled in the name of the plaintiff and defendant as

tenants by the entireties that there was any intention or agreement on the part of either of the parties that the plaintiff be the equitable owner of said property;

13. That from all the facts and circumstances surrounding the purchase of the property there does not appear to the Court to be sufficient facts based solely upon the marriage relationship to imply in law any intention on the part of the plaintiff or the defendant that the equitable ownership should be other than legal title or that the defendant was not entitled to beneficial interest as well as legal title;

14. That since the date of the purchase of the property, both plaintiff and defendant have made certain payments on account of the note and deed of trust securing the balance of the purchase price on said house. That the plaintiff has made payment for all real estate taxes for the years 1974 through 1978, and had further made payments for all insurance for those years;

15. That on or about May 9, 1977, the plaintiff and defendant were separated, and that plaintiff is now in possession of the premises and furthermore since that date, she has made all payments on account of the indebtedness existing, taxes and insurance.

Upon these findings, the trial judge concluded that there was no purchase money resulting trust in favor of plaintiff and that the parties held the property as tenants by the entirety. From these findings of fact and conclusions of law, plaintiff appeals.

*R. Chase Raiford, for plaintiff appellant.*

*William L. Durham, for defendant appellee.*

VAUGHN, Judge.

Plaintiff excepts to several of the trial court's findings of fact. An examination of the record reveals the findings are all supported by competent evidence though in some instances there is also competent evidence to the contrary. The findings of the trial court are conclusive on appeal if there is evidence to support them. This is true even though the evidence might sustain findings to the contrary. *Williams v. Insurance Co.,* 288 N.C. 338, 218

S.E. 2d 368 (1975); *Knutton v. Cofield,* 273 N.C. 355, 160 S.E. 2d 29 (1968).

The issue thus becomes whether these findings support the trial court's conclusion that a purchase money resulting trust did not arise on these facts. Plaintiff contends there is a purchase money resulting trust under the law of this State.

If the husband furnishes the entire consideration and causes title to be taken in his name and his wife's name by the entirety, there is a presumption that he intended a gift to his wife of an entirety interest in the property. *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598 (1955); *Brice v. Moore,* 30 N.C. App. 365, 226 S.E. 2d 882 (1976). A purchase money resulting trust is not presumed. This is consistent with the general rule on the creation of a purchase money resulting trust. Generally, once a person proves he supplied the consideration for realty with title taken by another, a resulting trust is presumed. *Tire Co. v. Lester,* 190 N.C. 411, 130 S.E. 45 (1925). However, if the person supplying the consideration is under a duty to support the one taking the title, a gift and not a trust is presumed. This is the case where a parent supplies consideration and title is taken in a child's name or the husband supplies consideration and title is taken in the wife's name.

On the other hand, if the wife furnishes the consideration for the purchase of the property, there is a presumption in this State that she did *not* make a gift to her husband of an entirety interest in the property but rather that she had title conveyed in this form with the intent that her husband hold such interest in trust for her. *Overby v. Overby,* 272 N.C. 636, 158 S.E. 2d 799 (1968); *Bullman v. Edney,* 232 N.C. 465, 61 S.E. 2d 338 (1950); *Dail v. Heath,* 206 N.C. 453, 174 S.E. 318 (1934); *Wise v. Raynor,* 200 N.C. 567, 157 S.E. 853 (1931); *Tyndall v. Tyndall,* 186 N.C. 272, 119 S.E. 354 (1923); *Deese v. Deese,* 176 N.C. 527, 97 S.E. 475 (1918); *McWhirter v. McWhirter,* 155 N.C. 145, 71 S.E. 59 (1911). These older cases assumed the domination of a wife by her husband. This assumption really no longer holds in contemporary marriages and has already been stricken from our law in other areas. A wife is no longer entitled to the presumption that when she commits a crime in the presence of her husband, she was compelled to so act by her husband. *State v. Smith,* 33 N.C. App. 511, 235 S.E. 2d 860, *cert. den.,* 293 N.C. 364, 237 S.E. 2d 851 (1977), *cert.*

*den.,* 434 U.S. 1076, 55 L.Ed. 2d 782, 98 S.Ct. 1267 (1978); *State v. Robinson,* 15 N.C. App. 362, 190 S.E. 2d 270 (1972). Privy examiantions of the wife in transfers of realty are no longer required. G.S. 52-8; 1977 N.C. Sess. Laws ch. 375, § 1. The presumption that a resulting trust arises when the wife supplies consideration and the husband takes title harkens back to a time when the legal existence of a woman was suspended to nothingness during the time of a marriage and a time when a woman could be beaten by her husband without possibility of punishment for him as long as his battery was not with excessive violence or did not result in serious injury. The presumption in its time was a valiant effort to overcome the lowly position of the married woman in the law. We question the validity of such a presumption in contemporary marriages. Today, wives are not dominated by their husbands, at least not through force and by right of law, and wives are as likely to make gifts to their husbands as their husbands are to them. Substantial authority in other jurisdictions holds that where the wife pays the purchase price for the property conveyed to her husband or to both of them as tenants by the entirety, a gift is presumed. *Peterson v. Massey,* 155 Neb. 829, 53 N.W. 2d 912 (1952); *Emery v. Emery,* 122 Mont. 201, 200 P. 2d 251 (1948); *Hogan v. Hogan,* 286 Mass. 524, 190 N.E. 715 (1934); Tiffany, Law of Real Property § 272 (1939). It is not necessary for us to attempt to change this long-standing rule in the case before us.

The presumption that a trust results where the wife supplies consideration for the purchase of property where title is in the husband or in both as tenants by the entirety is rebuttable. A resulting trust is presumed once the wife proves she provided the consideration for the property held as tenants by the entirety. She must prove she provided the consideration at or before title was taken in the property. However, the husband, the alleged trustee, may rebut the presumption by evidence that a trust was not intended and that the money used for consideration was a gift, or perhaps even payment of a debt to the husband or a loan to the husband. That the wife provided the consideration must be proven by clear, strong and convincing evidence. A mere preponderence of the evidence is not sufficient. *McWhirter v. McWhirter,* 155 N.C. 145, 71 S.E. 59 (1911); *see also Martin v. Underhill,* 265 N.C. 669, 144 S.E. 2d 872 (1965); *Hodges v. Hodges,* 256 N.C. 536, 124 S.E. 2d 524 (1962).

In this case, the evidence does not show that plaintiff furnished the entire consideration for the purchase. The purchase price for the realty was $36,000.00 plus $200.00 in closing cost. The consideration furnished was around $19,800.00 from plaintiff's personal savings account with the balance secured by a note and deed of trust signed by both plaintiff and defendant. Defendant was thus liable for a portion of the consideration furnished to pay for the realty. By plaintiff's own admission, defendant paid some of the subsequent monthly payments on the note and deed of trust. Moreover, plaintiff's own evidence rebuts the presumption that she intended her husband to hold his entirety interest in trust and indicates a donative intent. Her testimony was to the effect that at the time the property was purchased, it was understood that the property would be deeded to both of them. It was not against her wishes that the property was deeded to both of them. She assumed that each of them would own a one-half undivided interest in the property. The question would not have arisen if the marriage had not failed.

The trial court correctly ruled that the parties held the property as tenants by the entirety and that no purchase money trust resulted in favor of plaintiff.

Affirmed.

Judges HEDRICK and CLARK concur.