ALLEN L. MIMS, JR. v. MARSHA P. MIMS

No. 7910SC729

(Filed 5 August 1980)

1. **Reformation of Instruments § 7– reformation of deed for mutual mistake – insufficiency of evidence**

    Evidence was insufficient to support plaintiff's claim for reformation of a deed on the ground of mutual mistake where it tended to show that, at the time the deed for the property was delivered, both plaintiff husband and defendant wife intended that the property would be owned solely by plaintiff; a real estate salesman told plaintiff that in N. C. both the husband and wife had to be named as grantees in a deed; plaintiff then agreed that he and defendant would be grantees; and plaintiff therefore was not mistaken as to how the deed was drawn, but only as to the legal consequences of his action which would not support a claim for mutual mistake.

2. **Husband and Wife § 14; Reformation of Instruments § 1.1– presumption of gift from husband to wife – inapplicability in action for reformation of deed**

    The presumption of gift which arises when a husband pays for real property and has the deed made to himself and his wife was not applicable in this action where plaintiff neither alleged nor proved any type of trust but instead based his action on a claim for reformation of a deed.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 21 March 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 26 February 1980.

Plaintiff and defendant were married in 1973 and divorced in 1977. In 1974 real property was conveyed by a deed to both parties as grantees. Two months after the divorce, plaintiff instituted this action wherein he: (1) seeks to reform the deed or (2) seeks a declaratory judgment that he is the sole owner of the realty and entitled to all proceeds from its sale. He alleged that he paid all the consideration and that both parties intended that it be his property but by mutual mistake the deed showed the grantees as Allen L. Mims, Jr. and Marsha P. Mims, his wife. Defendant made a motion for summary judgment. The court considered the pleadings, the depositions of both parties and the plaintiff's affidavit. Considered in the light most favorable to the plaintiff, these papers show that while the parties were married a parcel of real estate was purchased for which the plaintiff paid the full consideration. Both parties considered it to be the plaintiff's real estate. Plaintiff stated: "I did talk with the realtor about it at the time we made the Offer. I asked him why it had to be titled in both people's names, and he said in the State of North Carolina that it had to be .... Richard Smith is the one that made that comment." There was no evidence that defendant had anything to do with the way the deed was drawn.

The court granted the defendant's motion for summary judgment and dismissed both claims of the plaintiff. Plaintiff appealed.

*McDaniel and Heidgerd, by L. Bruce McDaniel, for plaintiff appellant.*

*Gulley, Barrow and Boxley, by Jack P. Gulley, for defendant appellee.*

WEBB, Judge.

[1] The plaintiff's claims are for reformation of a deed. A deed may be reformed for mutual mistake or for mistake by one party induced by the fraud or inequitable conduct of the other.

*See* 11 Strong's N.C. Index 3d, *Reformation of Instruments* § 1 et seq. (1978). The plaintiff does not contend that his mistake was induced by fraud or inequitable conduct on the part of the defendant. The question posed by this appeal is whether the evidence as forecast by the papers filed in this case would be sufficient for the jury to find there was a mutual mistake. If it is not so sufficient the motion for summary judgment was properly entered. *See Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). The forecast of evidence in the light most favorable to the plaintiff shows that, at the time the deed for the property was delivered, both plaintiff and defendant intended that the property would be owned solely by the plaintiff. A real estate salesman told the plaintiff that in North Carolina the husband and wife had to be named as grantees in a deed. The plaintiff then agreed that he and the defendant would be grantees. We hold this evidence does not support a claim for reformation on the ground of mutual mistake. The plaintiff, relying on a real estate agent, was mistaken as to the legal requirements in this state, and he was mistaken as to the legal effect of a deed to husband and wife as grantees. He was not mistaken as to how the deed was drawn. Mistake as to the legal consequences of an act will not support a claim for mutual mistake. *See Wright v. McMullan*, 249 N.C. 591, 107 S.E. 2d 98 (1959). Plaintiff relies on *Nelson v. Harris*, 32 N.C. App. 375, 232 S.E. 2d 298 (1977). That case involved the reformation of a deed in which the draftsman did not include a description of a lot in a deed which all parties had intended to be included. That was a mistake as to a fact as to what was included in the deed. In the case sub judice there was no mistake as to how the deed was drawn. The parties were mistaken as to the legal consequences of the deed. This mistake will not support reformation.

[2] The appellant contends that he has rebutted any presumption of a gift. In cases in which a husband attempts to impress a trust on property, it has been held that when a husband pays for real property and has the deed made to himself and his wife, the law presumes a gift to his wife which may be rebutted by clear, strong and convincing evidence. *See Bowling v. Bowling*, 252 N.C. 527, 114 S.E. 2d 228 (1960); *Honeycutt v. Bank*, 242 N.C. 734, 89 S.E. 2d 598 (1955); *Shue v. Shue*, 241 N.C. 65, 84 S.E. 2d 302 (1954); *Tarkington v. Tarkington*, 45 N.C. App. 476, 263 S.E. 2d

294 (1980); *Brice v. Moore,* 30 N.C. App. 365, 226 S.E. 2d 882 (1976). We hold this principle has no application in this case. The plaintiff has neither alleged nor proved any type of trust. *See Lawrence v. Heavner,* 232 N.C. 557, 61 S.E. 2d 697 (1950). His action is based on a claim for reformation of a deed. There was no need for a presumption of a gift to the defendant. When the deed was delivered, the gift to the defendant was complete. She became a tenant by the entirety which tenancy was converted to a tenancy in common when the divorce decree was entered. *See Wall v. Wall,* 24 N.C. App. 725, 212 S.E. 2d 238 (1975).

The appellant also contends that the presumption that a husband who pays the purchase price intended to make a gift to the wife is unconstitutional. He says this is so because there is no such presumption that a wife who pays the purchase price intends such a gift to the husband. *See Deese v. Deese,* 176 N.C. 527, 97 S.E. 475 (1918). Since we have held the presumption is not applicable in this case, we do not consider this constitutional question.

Affirmed.

Judges ARNOLD and WELLS concur.