WACHOVIA BANK & TRUST COMPANY, Executor and Trustee Under the Will of MARY BELLE BURRUS, v. ROBERT BURRUS and Wife, ORA LEE BURRUS.

(Filed 21 September, 1949.)

**1. Wills § 44—**

A devisee or legatee is put to his election when the will purports to devise or bequeath to another property belonging to the beneficiary, and at the same time devises or bequeaths to the beneficiary property belonging to testator.

**2. Same—**

The doctrine of election does not apply unless it clearly appears from the will that testator intended to dispose of property belonging to the beneficiary.

**3. Same—**

The doctrine of election does not apply when the testator purports to devise or bequeath to the beneficiary her own property and at the same time leaves other property owned by testator to the beneficiary, since, in such event, it will be presumed that testator intended the beneficiary to have both.

**4. Same—**

Testator devised to his wife a life estate in lands owned by them by entireties and devised the remainder after the life estate to another, and also devised to his wife a life estate in other lands actually owned by him which had a value in excess of her rights had she dissented from the will. *Held:* The widow was put to her election, and her acceptance of the life estates with knowledge of the nature of her title in the lands theretofore held by entireties estops her heirs from claiming the remainder therein, the intent of the testator to limit her interest in the land theretofore held by entireties and to devise the remainder to another being apparent from the will.

APPEAL by plaintiff from *Clement, J.,* at July Term, 1949, of SURRY.

This is a civil action brought by the Wachovia Bank & Trust Company, as Executor and Trustee under the will of Mary Belle Burrus, against Robert Burrus and wife, Ora Lee Burrus, to remove a cloud from title of a tract of land in Surry County, North Carolina, known as the Hollifield tract.

The property was conveyed to Dr. J. T. Burrus, and wife, Mrs. J. T. Burrus, as an estate by the entirety, by deed dated 21 August, 1933, and duly recorded.

Dr. Burrus died 8 June, 1936, leaving surviving him his widow, Mary Belle Burrus, who, together with the Wachovia Bank & Trust Company, qualified as Executors of the will of Dr. J. T. Burrus. Dr. Burrus in his last will and testament devised the property in question to his wife,

Mary Belle Burrus, for life, and then to the defendant Robert Burrus, in fee simple.

It is admitted that Mrs. Burrus did not know the title to the Hollifield tract of land had been held by her and her husband previous to his death as tenants by the entirety, at the time she qualified as Executrix, but she was informed of the status of the title, both as Executrix and individually, and having such knowledge took a life estate under the will of her husband, Dr. Burrus, in other property which was worth in excess of $100,000.00  During the remainder of her life, she permitted the defendant, Robert Burrus, to remain in possession of the land now in dispute, without the payment of rent and exercised no control thereof except to list the land for taxes and to pay the taxes thereon.

Mary Belle Burrus died 8 September, 1947, leaving a last will and testament, which has been duly probated; by the terms of such will she devised certain real property, including the Hollifield tract, to the plaintiff in trust.

The parties waived a trial by jury and agreed that the trial judge might hear the case upon the pleadings, the will of Dr. J. T. Burrus, and the stipulations of counsel filed in the record, the pertinent parts of which are set forth above.

His Honor held that Mary Belle Burrus was required to elect as to whether or not she would waive any interest that she had in the lands described in the complaint, and take under the will, or dissent therefrom; and being of the opinion that she elected to take under the will, a decree was entered adjudging the defendants the owners in fee simple of the land in controversy.  From this ruling the plaintiff appeals, assigning error.

*Roberson, Haworth & Reese for plaintiff.*
*Woltz & Barber, Attorneys Amici Curiæ.*
*Allen & Henderson for defendants.*

DENNY, J.   The sole question for us to determine is whether or not the doctrine of election is applicable to the facts in this case.

The doctrine of election is based upon the principle that a devisee or donee cannot take benefits under a will and reject its adverse provisions. *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29.   The beneficiary under a will is not required to elect unless two benefits are presented which are inconsistent with each other.   And when the beneficiary chooses to accept one of them such choice is tantamount to a rejection of the other.   He will not be permitted to take under the will and against it.   And where the devisor purports to devise property which belongs to the beneficiary, giving it to another, and also devises property of his own to the beneficiary, such beneficiary must make a choice between retaining his own

property, which has been given to another, or take the property which has been given him under the terms of the will. By electing to take the gift from devisor's estate, he is estopped from claiming his own property. *Elmore v. Byrd,* 180 N.C. 120, 104 S.E. 162; 57 Am. Jur. 1060; 69 C.J. 1089.

In the case of *Elmore v. Byrd, supra, Walker, J.,* in speaking for the Court, said: "It is true there is a *prima facie* presumption, always, that a testator means only to dispose of what is his own, and what he has a right to give; and if it be doubtful, by the terms of his will, whether he had in fact a purpose to dispose of property really belonging to another, that doubt will govern the courts, so that the true owner, even though he shall derive other benefits under the will, will not be driven to make an election. But if, on the other hand, there should be a manifest purpose expressed in the will to dispose of the thing itself, then it is wholly immaterial whether he should recognize it, or not, as belonging to another, or whether he should believe that the title and the right to dispose of it rested in himself or not."

In the recent case of *Benton v. Alexander,* 224 N.C. 800, 32 S.E. 2d 584, *Seawell, J.,* points out that where a husband merely attempts "to ration the needs of the wife in her own lands without an alternate gift of his own property, which, under the law is available to her, there is no election, and the probate of the will raises no estoppel and is not detrimental to her assertion of her independent right. There are other duties of her office, the performance of which are not inconsistent with such assertion of right." This principle was determinative of the appeal in *Lamb v. Lamb, supra.*

"The doctrine of election is not applicable to cases where the testator, erroneously thinking certain property is his own, gives it to a donee to whom in fact it belongs, and also gives him other property which is really the testator's own; for in such case the testator intends that the devisee shall have *both,* though he is mistaken as to his own title to one." 2 Pomeroy, Eq. Jur., 5th Ed., 358.

In accord with the above authority, this Court held in *Byrd v. Patterson,* 229 N.C. 156, 48 S.E. 2d 45, that where a husband devised to his wife a life estate in lands held by them as tenants by the entirety, but made no disposition of the remainder which was hers by survivorship, the doctrine of election did not apply, notwithstanding the fact that he gave her other property and she qualified as executrix of the will.

The facts in this case, under our decisions, made an election by Mrs. Burrus imperative. There can be no doubt about the intention of Dr. Burrus to dispose of the land held by him and his wife as tenants by the entirety. He described it as the Hollifield tract. *Elmore v. Byrd, supra.* Furthermore, he limits his wife's interest in the land to a life estate and

devises the remainder to another. But in the face of this limitation of her estate, and the devise of the remainder to another, she proceeded to take a life interest under the terms of the will, in other property which belonged to her husband's estate, worth in excess of $100,000.00. For more than eleven years she accepted the income from the estate of her husband according to the provisions of his will, some of which income would not have been available for her use and enjoyment had she dissented from the will. *Hoggard v. Jordan,* 140 N.C. 610, 53 S.E. 220.

We concur in his Honor's ruling, and the judgment entered below will be upheld.

Affirmed.