ANNA W. TAYLOR, ROBERT L. TAYLOR, B. BRUCE TAYLOR AND PAUL
H. TAYLOR v. PATRICIA ANN TAYLOR, DONALD BRUCE TAYLOR,
PAUL H. TAYLOR, JR., KAY LOWERY TAYLOR AND LON OTIS TAY-
LOR, MINORS, AND SUCH UNBORN CHILDREN OF ROBERT L. TAYLOR,
B. BRUCE TAYLOR AND PAUL H. TAYLOR, OR EITHER OF THEM, AS MAY
BE HEREAFTER BORN TO ROBERT L. TAYLOR, B. BRUCE TAYLOR AND
PAUL H. TAYLOR, AND ANY CHILD OR CHILDREN OF ROBERT L. TAYLOR,
B. BRUCE TAYLOR AND PAUL H. TAYLOR IN ESSE AT THE DEATH OF
ROBERT L. TAYLOR, B. BRUCE TAYLOR AND PAUL H. TAYLOR.

(Filed 11 April, 1956.)

**1. Wills § 44—**

The doctrine of election does not apply unless testator's intent to put
the beneficiary to an election clearly appears from the will; therefore,
where it clearly appears from the will that testator, who predeceased his
wife, attempted to devise lands held by them by the entireties under the
mistaken belief that he owned the lands individually, the widow is not put
to her election and may claim sole ownership to the lands held by entire-
ties, and at the same time claim as legatee and devisee under the will.

**2. Wills § 43—**

Testator devised a life estate in three tracts of land to his wife with
remainder in each tract, respectively, to each of his three sons for life,
remainder to their lawful children. The devises of the remainder after
the widow's life estate were ineffectual as to two of the tracts. *Held:*
The will is not void because incapable of execution according to the intent
of testator, but the devise of the life estate to the wife and the valid devise
of the remainder of one of the tracts will be given effect. G.S. 31-40.

**3. Partition § 7½—**

One tenant in common cannot make a valid partition binding on the
other by assuming to convey or devise either half of the lands specifically.

**4. Wills § 43—**

Testator owned a one-half undivided interest in certain lands. He
devised, under the mistaken belief that he owned the entire interest in the
tract, a life estate therein to his wife and attempted to devise the remain-
der in the entire tract, by metes and bounds, one-half to each of two sons
for life, remainder to their lawful children. *Held:* The devise of the life
estate to the widow is valid, but the devises of the remainder thereafter
are void for uncertainty, and as thereto testator died intestate and such
interest descends to his heirs at law.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Frizzelle, J.,* in Chambers at Snow Hill,
N. C., 24 December, 1955, of JONES.

Civil action instituted 7 April, 1954, under provisions of Article 26,
Sec. 1-253, *et seq.,* of General Statutes of North Carolina, entitled

"Declaratory Judgments" for construction of provisions of the last will and testament of B. O. Taylor, deceased, late of Jones County, North Carolina.

The parties waived jury trial and stipulated and agreed, subject to the right of each party to offer such additional evidence as may be deemed necessary, that the admissions in the pleadings, and the following shall constitute the agreed statement of facts upon which findings of fact and judgment in this cause may be entered:

1. That each defendant has been served properly with summons and complaint, and is properly represented by guardian *ad litem,* and is now properly before the court and represented by counsel; and the guardian *ad litem* of defendants, both *in esse* and *in posse,* filed answer in apt time; and that a controversy exists between plaintiffs and defendants, and that they are the only parties who have or claim to have an interest therein.

2. That these are the agreed facts:

"8. That B. O. Taylor, a citizen and resident of Jones County, North Carolina, died on the 11th day of January, 1952, leaving surviving him his widow, Anna W. Taylor, and three sons, his sole heirs at law, viz.: Robert L. Taylor, B. Bruce Taylor and Paul H. Taylor, all of whom are plaintiffs in this cause of action.

"9. That the said B. O. Taylor . . . died . . . leaving a last will and testament, which . . . was admitted to probate by the Clerk of the Superior Court of Jones County . . . on the 31st day of January, 1952 . . . attached to the complaint as Exhibit A thereto and is made a part hereof by reference as if herein set out word for word in full."

10 and 13. That at the time of his death . . . the only real estate of which B. O. Taylor was seized and possessed was, as a tenant in common, of a one-half undivided interest in a certain tract of land located in the counties of Jones and Lenoir, known as the "Home Place" . . . particularly described . . . as two tracts, containing 112 acres more or less, and one acre more or less, respectively-acquired by him as elsewhere described in the agreed facts.

11 and 12. That immediately preceding his death the said B. O. Taylor and his wife Anna W. Taylor . . . were seized and possessed, as tenants by the entireties (1) of a one-half undivided interest in the tract of land known as the "Home Place" . . . particularly described in the next preceding paragraph; and (2) of a tract of land known as "Tracts Nos. 3 and 4 of the Quill Hill Farm," particularly described as there set forth.

"14. That Item Three of the Last Will and Testament of the said B. O. Taylor reads as follows: 'I will and devise all of my real property

of every kind, sort, and description wherever situate to my wife, Anna W. Taylor, for and during her natural life.'

"15. That Item Four of the last will and testament of the said B. O. Taylor purports to devise to his son, Robert L. Taylor, subject to a life estate of Anna W. Taylor, a life estate in certain real property, and further purports to devise said real property therein described to the lawful children of Robert L. Taylor in fee simple, subject to the life estates of Anna W. Taylor and Robert L. Taylor; that the real property purportedly devised . . . is the tract of land known as 'Tracts Nos. 3 and 4 of the Quill Hill Farm,' hereinbefore described . . .

"16. That Item Five of the last will and testament of the said B. O. Taylor purports to devise to his son, B. Bruce Taylor, subject to a life estate of Anna W. Taylor, a life estate in certain real property, and further purports to devise said real property therein described to the lawful children of B. Bruce Taylor in fee simple, subject to the life estates of Anna W. Taylor and B. Bruce Taylor . . . the real property purportedly devised . . . is one-half of the tract of land known as the 'Home Place' hereinbefore described . . .

"17. That Item Six of the last will and testament of the said B. O. Taylor purports to devise to his son, Paul H. Taylor, subject to a life estate of Anna W. Taylor, a life estate in certain real property, and further purports to devise said real property therein described to the lawful children of Paul H. Taylor in fee simple, subject to the life estates of Anna W. Taylor and Paul H. Taylor . . . real property purportedly devised . . . is one-half of the tract of land known as the 'Home Place,' hereinbefore described . . ."

"21. That Anna W. Taylor, widow of B. O. Taylor . . . made application and qualified as Executrix under the last will and testament of B. O. Taylor on the 2nd day of February, 1952, and letters testamentary were issued" to her on same date; that she filed final account as such executrix, and same was approved by the Clerk of Superior Court on December 30, 1953.

"22. That Anna W. Taylor, widow of B. O. Taylor and one of the plaintiffs herein, did not acquire full knowledge of the facts concerning her rights to the said land mentioned in the Will of B. O. Taylor, deceased, until more than six months after she qualified as Executrix under said will; that no formal dissent from said will was filed by her under G.S. 30-1. That with due diligence and as soon as practicable after learning the facts and being advised as to her rights, the said Anna W. Taylor instituted this action seeking to enforce her rights.

"23. That at the time the will of B. O. Taylor was probated and at the time Anna W. Taylor qualified as Executrix of the Estate of the said B. O. Taylor, the said Anna W. Taylor was not fully advised as to

the value of the personal property of the said B. O. Taylor, nor of the extent of the indebtedness of the estate of the said B. O. Taylor.

"24. That the said Anna W. Taylor has at all times from the date she was advised that a portion of the lands purportedly devised by the said B. O. Taylor were owned by them as tenants by the entireties and of the legal effect of such fact, claimed the full and complete ownership of said real property under the deeds to her and B. O. Taylor as tenants by the entireties and that she consulted and employed counsel to represent her in this action for the purpose of asserting and establishing her right to said land, notwithstanding the provisions of said will from which she dissents.

"25. That the said B. O. Taylor was erroneously of the opinion that the title to all of the said lands described in the complaint and purportedly devised by him under Items Four, Five and Six of his Last Will and Testament was owned by him individually and in fee simple.

"26. That the personal property of the estate of the said B. O. Taylor had a value of $13,217.11 and the claims against the estate of the said B. O. Taylor, without any allowance to the Executrix, amounted to $3,562.77, leaving a balance of $9,654.34.

"27. That at the date of the death of B. O. Taylor, Anna M. Taylor was then 67 years of age and had a life expectancy of approximately ten years.

"28. That under a dissent from the will of B. O. Taylor, the plaintiff, Anna W. Taylor, would have received more than if she had taken under the provisions of the last will and testament of B. O. Taylor.

"29. That the plaintiffs, Robert L. Taylor, B. Bruce Taylor and Paul H. Taylor, are desirous of having the plaintiff, Anna Taylor, declared to be the owner of the property held by the said Anna W. Taylor and B. O. Taylor as tenants by the entireties.

"30. That the plaintiff, Anna W. Taylor, in filing her final account with the Clerk of the Superior Court of Jones County, acknowledged receipt of the personal property remaining in the estate after payment of all debts. That upon receiving legal advice as to her rights, the said Anna W. Taylor distributed to Robert L. Taylor, B. Bruce Taylor and Paul H. Taylor the same distributive share of the estate of B. O. Taylor that they would have received in case of intestacy. That inheritance taxes were paid to the State of North Carolina by the plaintiffs upon the distributive share actually received by them, which said distributive shares received by them were the same they would have received in case of intestacy.

"31. That should the court decree the plaintiff, Anna W. Taylor, to be the owner in fee simple of a one-half undivided interest in the 'Home Place' and the owner in fee simple of Tracts 3 and 4 of the Quill Hill

Farm, the intention of B. O. Taylor, deceased that his three sons, namely, Robert L. Taylor, B. Bruce Taylor, and Paul H. Taylor, share alike under his will, could not be carried out, and that it would be inequitable to attempt to carry out any of the provisions of Items 4, 5 and 6 of the Last Will and Testament of the said B. O. Taylor, deceased."

And the parties agreed that the court may find the facts, and render, and sign judgment in the cause at any time, out of term, out of the County, and out of the district,—the foregoing facts being agreed to.

The cause being heard the trial court recited the facts substantially as agreed, and thereupon made the following conclusions of law:

"1. That B. O. Taylor and wife, Anna W. Taylor, became the owners as tenants by the entireties of a one-half undivided interest in the land described in the complaint as the 'Home Place' under deed from A. P. Worley and wife, Rosa Worley, recorded in Book 88, page 546, Jones County Registry, dated October 8, 1928, and registered October 10, 1928.

"2. That B. O. Taylor and wife, Anna W. Taylor, became the owners as tenants by the entireties of the land described in the complaint as 'Tracts 3 and 4 of the Quill Hill Farm,' under deed from W. C. Harris and wife Elizabeth W. Harris, recorded in Book 96, page 94, Jones County Registry, dated November 23, 1937, and registered December 4, 1937.

"3. That at all times since October 8, 1928 and since November 23, 1937 the plaintiff, Anna W. Taylor, has been the owner of an estate in fee simple in (1) a one-half undivided interest in the land described in the complaint as the 'Home Place,' and (2) in all the land described in the complaint as 'Tracts 3 and 4 of the Quill Hill Farm,' respectively, as a tenant by the entirety; that immediately upon the death of B. O. Taylor and before his will was admitted to probate, the plaintiff, Anna W. Taylor, as surviving tenant by the entirety, became the absolute owner in fee simple of such interests in said land, by operation of the law; that said land at no time comprised any part of the estate of B. O. Taylor, deceased, and he having predeceased the said Anna W. Taylor, said land could not pass under the last will and testament of the said B. O. Taylor, deceased.

"4. That no intention to put the plaintiff, Anna W. Taylor, to an election appears from the terms of the last will and testament of B. O. Taylor, deceased; that the testator, B. O. Taylor, erroneously considered the property devised in Items 4, 5 and 6 of his said Will to be his own property, whereas he actually owned only a small portion thereof; that upon the facts of this case, the doctrine of election is not applicable.

"5. That the plaintiff, Anna W. Taylor, is not estopped from asserting her rights as owner in fee simple of her one-half undivided interest in the land described in the complaint as the Home Place and as owner in fee simple of the entire estate in the lands described as 'Tracts 3 and 4 of the Quill Hill Farm,' by reason of the fact that she qualified as Executrix under the last will and testament of B. O. Taylor, deceased, or by reason of the fact that she filed a final accounting of her handling of receipts and disbursements, or by reason of the fact that she filed no written dissent to said will within six months from the date of probate of said will.

"6. That the plaintiff, Anna W. Taylor, has asserted her rights within a reasonable time and has acted with due diligence upon being advised of her rights.

"7. That by reason of the fact that the testator, B. O. Taylor, was erroneously of the opinion that all the land he undertook to devise in Items 3, 4, 5 and 6 of his said will was his own, whereas he actually was the owner of only a one-half undivided interest in the land described in the complaint as the 'Home Place,' the intention of the testator cannot be carried out, the testator actually being the owner of insufficient land to effectuate his plan and intent, and therefore Items 3, 4, 5 and 6 of said will are invalid.

"8. That the plaintiff, Anna W. Taylor, having asserted her rights to the land owned by her and having renounced the benefits provided her under Items 2 and 3 of the will of B. O. Taylor, deceased, and having accounted to and paid over to the distributees of B. O. Taylor, deceased, the benefits provided for her in Item 2 of said will as in case of intestacy, Item 2 of said will is of no effect.

"9. That the last will and testament of B. O. Taylor, deceased, is incapable of execution according to the intent of said testator, and said estate has been fully administered and settled as if the said B. O. Taylor had died intestate."

And, pursuant to such conclusions of law, the court "Considered, Ordered, Adjudged and Decreed:

"1. That Anna W. Taylor is the owner in fee simple and entitled to possession of the following described land: (a) A one-half undivided interest in the . . . land known as the 'Home Place' (description set forth); (b) the entire or whole interest in the following described tract of land known as 'Tracts 3 and 4 of the Quill Hill Farm' (description set forth).

"2. That Items Two, Three, Four, Five and Six of the Last Will and Testament of B. O. Taylor, deceased, be and they are and each of them is hereby adjudged void and of no effect.

"3. That Robert L. Taylor, B. Bruce Taylor and Paul H. Taylor are the owners in fee as tenants in common of a one-half undivided interest in and to the tracts of land described . . . known as the 'Home Place.'

"4. That the defendants, Patricia Ann Taylor, Donald Bruce Taylor, Paul H. Taylor, Jr., Kay Lowery Taylor and Lon Otis Taylor, Minors, and such unborn children of Robert L. Taylor, B. Bruce Taylor and Paul H. Taylor, or either of them, as may be hereafter born to Robert L. Taylor, B. Bruce Taylor and Paul H. Taylor, and any child or children of Robert L. Taylor, B. Bruce Taylor and Paul H. Taylor *in esse* at the death of Robert L. Taylor, B. Bruce Taylor, and Paul H. Taylor, nor any nor either of them has any interest in the land described in the complaint and in the Last Will and Testament of B. O. Taylor, deceased.

"5. That no further administration upon the estate of B. O. Taylor, deceased, is necessary."

"6." That the costs be taxed as indicated.

To the foregoing judgment and to the signing thereof, defendants object and except and appeal therefrom to Supreme Court, and assign error.

*White & Aycock for plaintiffs, appellees.*
*John D. Larkins, Jr., for defendants, appellants.*

WINBORNE, J.   Fundamentally decision on this appeal rests upon question as to whether the doctrine of election applies in respect to plaintiff, Anna W. Taylor.

The trial court, upon facts agreed, was of opinion and held that it does not apply.

In this connection, "the doctrine of election" as stated in the case of *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29, opinion by *Seawell, J.,* "as applied to wills, is based on the principle that a person cannot take benefits under the will and at the same time reject its adverse or onerous provisions,—cannot, at the same time, hold under the will and against it."   And it is stated further that "the intent to put the beneficiary to an election must clearly appear from the will," and that "the propriety of this rule especially appears where, in derogation of a property right, the will purports to dispose of property belonging to the beneficiary and, inferentially, to bequeath or devise other property in lieu of it."

The principle as thus stated is in keeping with uniform decisions of this Court.   And in the *Lamb case, Seawell, J.,* in qualification of the rule, aptly declared: "Our train of reasoning is not complete without adding that if, upon a fair and reasonable construction of the will, the

testator, in a purported disposal of the beneficiary's property, has mistaken it to be his own, the law will not imply the necessity of election," and that "that result follows as a corollary to the principles already laid down.."

While in this connection it may be doubted that the guardian *ad litem* herein appointed to represent children born, and unborn, had authority to stipulate as to what the testator had in mind, it appears affirmatively from the provisions of the will, upon a fair and reasonable construction, *Lamb v. Lamb, supra,* that the testator, B. O. Taylor, was erroneously of the opinion that the title to all of the lands described in the complaint and purportedly devised by him under Items Four, Five and Six of his last will and testament were owned by him individually and in fee simple, and hence that he had no intention to put Anna W. Taylor, his wife, to an election. See *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598, where in opinion of *Bobbitt, J.,* this Court said: "Ordinarily, where the testator attempts to devise specific property, not owned by him, to a person other than the true owner, and provides other benefits for the owner of such specific property, such beneficiary is put to his election . . . Even so, if it appears that the testator erroneously considered the specific property so devised to be his own, no election is required . . . An election is required only when the will confronts a beneficiary with a choice between two benefits which are inconsistent with each other."

In this respect it is noted that in Item Three the testator wills and devises: "All of my real property of every kind, sort, and description wherever situate to my wife, Anna W. Taylor, for and during her natural life." And, then, expressly "subject to the life estate" of his wife, "as set out in Item Three," he devises the remainder in Tracts 3 and 4 of the Quill Hill Farm (Item Four), and the remainders in described portions of the Home Place (Items Five and Six) as set forth in the statement of facts. And in view of the principle of law that as to real property, title to which is held by the husband and wife as an estate by the entirety, the husband, during coverture, and between him and his wife, "has absolute and exclusive right to the control, use, possession, rents, issues and profits" of such property (*Lewis v. Pate,* 212 N.C. 253, 193 S.E. 20; *Nesbitt v. Fairview Farms, Inc.,* 239 N.C. 481, 80 S.E. 2d 472, and numerous other cases), it is reasonable that the husband in the instant case had the erroneous impression that the property belonged to him. Thus it is manifest that all of these lands in which he purported to devise estates in remainder are included within the description "all of my real property of every kind, sort, and description wherever situate" used in Item Three in devising a life estate to his wife as above set forth.

Indeed, as stated in *Byrd v. Patterson,* 229 N.C. 156, 48 S.E. 2d 45, opinion by *Barnhill, C. J.,* quoted with approval in the *Honeycutt case, supra,* the widow's "property was not devised to another so as to compel her to decide whether she would stand on her rights or abide by the terms of the will." Hence this Court concurs in the ruling of the trial court that the doctrine of election does not apply in this case.

Nevertheless it does not follow as a matter of law that Items Two, Three, Four, Five and Six of the will of B. O. Taylor, deceased, are void, and of no effect. "Any testator, by his will duly executed, may devise, bequeath, or dispose of all real and personal estate which he shall be entitled to at the time of his death, and which, if not so devised, bequeathed, or disposed of, would descend or devolve upon his heirs at law, or upon his executor or administrator . . ." G.S. 31-40. Certainly, therefore, the testator, B. O. Taylor, had the right to bequeath his personal property, or to devise real property he owned. Hence this Court holds that to such extent as these Items of his will relate to disposal of *his* personal property, and *his* real property, they are valid.

Now particularizing:

Item 2: As to the personal property the testator bequeathed to his wife (Item Two), she, having elected to distribute it just as if her husband, the testator, had died intestate, her action in so doing is a closed transaction which requires no further adjudication.

Item 3: It being admitted as a fact that the only real estate owned by B. O. Taylor was an undivided one-half interest in the "Home Place," the devise of a life estate in all his real property (Item Three) is valid, and sufficient·to vest in her such an estate in this undivided one-half interest.

Item 4: However, it appearing that Anna W. Taylor, the wife, by right of survivorship, she having survived her husband, acquired the fee in tracts 3 and 4 of the Quill Hill Farm, the purported devise thereof to Robert L. Taylor for life, with remainder to his lawful children is void, and the devisees thereof take nothing.

Items 5 and 6: It appearing that at the time of the death of B. O. Taylor, he individually and he and his wife Anna W. Taylor as tenants by the entirety were tenants in common of the "Home Place," he owning an undivided one-half interest therein, and they an undivided one-half interest therein, the question arises as to whether he, by attempting to devise particular parts thereof, vested in his devisees any right thereto. We find no comparable case in reported cases in this State, and none is cited by counsel for either party. However, we find it stated in 68 C.J.S. 16, Partition Sec. 9 (c), that "where there are two tenants in common, each owning an undivided half of land, neither can make a partition that will be binding on the other by assuming to

convey either half specifically." The case *Eaton v. Tallmadge* (1869), 24 Wis. 217, cited supports the text.

Tenants in common are such as hold property by several and distinct titles, but by unity of possession. Each tenant owns an interest in every inch of the property, and cannot know where that fraction is until a division has been made. 86 C.J.S. 361—Tenancy in Common, Sections 1, 2, 3 and 4, citing among other cases *Gaylord v. Millard*, 118 N.Y. 244, 250, 23 N.E. 376-77, 6 L.R.A. 667. See also *Allen v. Mc-Millan*, 191 N.C. 517, 132 S.E. 276. Hence a purported devise of a specific portion of the whole by metes and bounds would seem to be too indefinite to constitute a valid devise. Therefore, this Court holds that the attempted devises of specific portions of the Home Place fails to vest title in the devisees therein named, and that the undivided interest of the testator in the Home Place, except as to the life estate of Anna W. Taylor is undevised, and descended to the testator's heirs at law, namely his three sons.

As so modified, the judgment from which appeal is taken is affirmed.

Modified and affirmed.

DEVIN, J., took no part in the consideration or decision of this case.