SHIRLEY BURCH v. GLENNIE BELLE SUTTON, SHELBY ANN DAUGH-
TRY AND HUSBAND, ELBERT DAUGHTRY, DOROTHY MAE BOWDEN
AND HUSBAND, ROBERT BOWDEN, SHIRLEY FAY CARTER AND HUS-
BAND, RAY CARTER, BOBBIE WHITFIELD SUTTON AND WIFE,
RUBY SUTTON.

(Filed 14 January, 1966.)

**1. Wills § 63—**

The doctrine of election is in derogation of the record title, and there-
fore it must clearly appear from the terms of the will that testator in-
tended to put a beneficiary to an election in order for the doctrine to
apply.

**2. Same—**

Testator, when disposing of four tracts of land, referred successively
to each as "my" land. One tract devised to a person other than his wife
belonged to her as surviving tenant by the entireties. *Held:* The doctrine
of election does not apply, since it clearly appears from the will that tes-
tator erroneously thought the tract held by the entireties to be his own,
and therefore that he did not intend to put his wife to her election.

APPEAL by defendants from *Mintz, J.,* June 7, 1965 Session of
WAYNE.

Civil action under the Declaratory Judgment Act, G.S. 1-253
*et seq.,* to determine the ownership of a 60-acre tract of land in
Wayne County.

Prior to his death on August 24, 1962, R. C. Burch and his
wife, Shirley Burch, plaintiff herein, owned the 60-acre tract as
tenants by entirety, having acquired title thereto in 1938.

The will of R. C. Burch is dated January 26, 1950 and was pro-
bated on or about August 28, 1962. His widow, Shirley Burch, and
J. E. Thigpen were named executrix and executor, respectively.
They qualified, completed administration, filed their final account
and were discharged.

The final account shows receipts of $4,095.31, disbursements
(including North Carolina inheritance tax of $130.30) of $3,538.60,
and this notation: "The remainder of the personal property has
been given to Shirley Burch, (widow), under the terms of the will
left by R. C. Burch, deceased."

The record contains no findings or evidence bearing upon the
value of the personal property, the 36-acre home tract or the 60-
acre tract referred to in Items 2, 4 and 5, respectively, of the will
of R. C. Burch.

The dispositive provisions of the will of R. C. Burch are quoted
below.

"ITEM 2: To my beloved wife, Shirley Burch, I will and bequeath all my personal property in money, in notes, stocks and bond, or indebtedness due me; and I direct that my Executrix and Executor hereinafter named, need not sell the tangible personal property, unless, Shirley Burch wishes to.

"ITEM 3: To my beloved wife, Shirley Burch, I will and devise, for the term of her natural life only, all my real property, she to receive the rents from the same, and to have the use of the same, so long as she may live.

"ITEM 4: After the death of my said wife, to Stacey Thigpen and Elton Thigpen, I will and devise my home tract of land, containing Thirty-Six (36) Acres, to share, and share alike, to them, and their heirs in fee simple forever. And at the death of my said wife, I charge the said Devise of the Thirty-six acres with a payment of Two HUNDRED ($200.00) DOLLARS, to be paid to Zilphia Burch, within one year of the death of my said wife. To Elton Thigpen, I direct, in the division of this land, a share, equal in value with the other share, with the house situate on it.

"ITEM 5: To R. W. Sutton and Glennie Belle Sutton, for the term of their natural life only, and for the life of the survivor of them, I will and devise my other land, consisting of SIXTY (60) ACRES."

"ITEM 7: And, at the death of R. W. Sutton and Glennie Belle Sutton, and at the death of the survivor of them, I will and devise the said SIXTY acre tract of land to such of the children of R. W. Sutton and Glennie Belle Sutton as shall survive them. If any of the children of R. W. Sutton and Glennie Belle Sutton, or the survivor of them, the said child, or children living surviving them a child or children, then, I devise the share that would have gone to the child or children of R. W. Sutton and Glennie Belle Sutton, to the child, or children of R. W. Sutton and Glennie Belle Sutton."

R. W. Sutton is now dead. His widow, Glennie Belle Sutton, and the four children of their marriage and their spouses are defendants herein.

While not expressly stated in the record, it may be implied that R. C. Burch was sole owner of the 36-acre home tract referred to in Item 4 and that plaintiff claims a life estate therein under Item 3.

Defendants pray "that the court declare that the plaintiff, Shirley Burch, by qualifying and acting as executrix of R. C. Burch, and by disbursing to herself and accepting as legatee the personal property bequeathed by item two and by accepting the real property devised in Item Three was put to an election, and that she elected to have the real property described in Item Five of said

will subjected to the devise as set out in Item Five and Seven of said last will and testament; and that the court further declare that the said Shirley Burch, having exercised her right of election, is now estopped to assert any interest in the lands described in said will other than the interest created in her by Item Three of the last will and testament of R. C. Burch."

The court, "being of the opinion that the plaintiff Shirley Burch, was not put to an election under the Last Will and testament of R. C. Burch with respect to the said sixty (60) acre tract," ordered, adjudged and decreed "that the plaintiff, Shirley Burch, as surviving tenant by the entirety, is the owner in fee simple of the sixty acre tract referred to in Item Five of the last Will and Testament of the said R. C. Burch." Defendants excepted and appealed.

*Langston & Langston and Herbert B. Hulse for plaintiff appellee.*
*Sasser & Duke and J. Thomas Brown, Jr., for defendant appellants.*

BOBBITT, J. The doctrine of equitable election is in derogation of the property right of the true owner. Hence, the intention to put a beneficiary to an election must appear plainly from the terms of the will. *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29; *Bank v. Misenheimer,* 211 N.C. 519, 191 S.E. 14; *Rich v. Morisey,* 149 N.C. 37, 62 S.E. 762; *Walston v. College,* 258 N.C. 130, 128 S.E. 2d 134. "An election is required only when *the will* confronts a beneficiary with a choice between two benefits which are *inconsistent with each other.*" *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598. An election is required only if the will discloses it was the testator's manifest purpose to put the beneficiary to an election. *Bank v. Barbee,* 260 N.C. 106, 110, 131 S.E. 2d 666.

In *Lamb v. Lamb, supra,* in accordance with prior decisions, this Court said: "(I)f, upon a fair and reasonable construction of the will, the testator, in a purported disposal of the beneficiary's property, has mistaken it to be his own, the law will not imply the necessity of election." This statement is quoted with approval in *Bank v. Barbee, supra,* in which pertinent prior decisions are cited.

R. C. Burch refers in Item 3 to "all *my* real property"; in Item 4 to "*my* home tract of land, containing Thirty-Six (36) Acres"; and in Item 5 to "*my* other land, consisting of SIXTY (60) ACRES." (Our italics). Obviously, upon a fair and reasonable construction of his will, R. C. Burch, in his purported disposition of the 60-acre tract, has acted under the mistaken belief that he was the sole owner thereof. Since it appears clearly that R. C. Burch erroneously

considered the 60-acre tract purportedly devised in Item 5 to be his own, no election was required. *Honeycutt v. Bank, supra,* and cases cited therein; *Taylor v. Taylor,* 243 N.C. 726, 92 S.E. 2d 136; *Walston v. College, supra; Bank v. Barbee, supra.* The factual situation now under consideration is closely analogous to that considered in *Taylor v. Taylor, supra.*

As noted by Sharp, J., in *Bank v. Barbee, supra,* the doctrine of equitable election as declared in earlier cases "has been tempered somewhat" in our later decisions.

Appellant cites and stresses *Trust Co. v. Burrus,* 230 N.C. 592, 55 S.E. 2d 183. There the controversy related to real property described in the will of Dr. Burrus only as "the Hollifield property." In contrast, the record shows Dr. Burrus identified other devised real estate as *his* property, *e. g.,* (1) "*my* land holdings known as the McCormick farm," (2) "the river bottom originally owned by my father," (3) "the Burrus home property," and (4) "that property which was conveyed to me by G. M. Burrus, my uncle." (Our italics.) Suffice to say, the will of Dr. Burrus did not disclose affirmatively he was under the erroneous impression that he was the sole owner of "the Hollifield property." On account of factual differences, and in the light of later decisions, *Trust Co. v. Burrus, supra,* does not control decision with reference to the factual situation now under consideration.

Whether the testator would have made a different disposition of *his* property if he had been aware of the true status of the title to the 60-acre tract and, if so, to what extent, are matters in the realm of speculation. The determinative fact is that the will itself, which is the only basis on which the doctrine of equitable election may be invoked, contains no provision that manifests an intent that an election was required. *Honeycutt v. Bank, supra.*

Affirmed.