WILBUR BREECE AND BOBBY BREECE, SURVIVING CO-EXECUTORS OF THE ESTATE OF OSCAR P. BREECE, v. MARY J. BREECE, MARY LEE BREECE TART, BETTY LINVILLE BREECE, INDIVIDUALLY. AND AS ADMINISTRATRIX OF THE ESTATE OF OSCAR P. BREECE, JR.; OSCAR P. BREECE, III, MINOR, ARTHUR LINVILLE BREECE, MINOR, AND EDWARD VANCE BREECE, MINOR.

(Filed 20 June, 1967.)

1. Wills § 63—

The doctrine of election is in derogation of the property right of the true owner, and therefore a beneficiary will not be put to his election unless it clearly appears from the terms of the will that testator intended to put

him to an election, and the doctrine does not apply to testator's devise of property belonging to the beneficiary under the mistaken belief of testator that the property was his own.

**2. Same—**

Testator devised to named beneficiaries property owned by himself and wife by the entirety, and also devised to his wife a piece of property which she owned in fee simple, and devised other property owned by him to his wife. It appeared from the will in its entirety that testator regarded all of the property disposed of in the will as his own and that he had no intent to put his wife to an election. *Held:* The doctrine of election does not apply and the land held by the wife in fee and the land devolving to her by survivorship remains hers notwithstanding her acceptance of other property of testator passing to her under the will.

APPEAL by respondents Betty Linville Breece, individually, and as Administratrix of the Estate of Oscar P. Breece, Jr.; Oscar P. Breece, III, a minor, Arthur Linville Breece, a minor, and Edward Vance Breece, a minor, all three minors appearing by their guardian *ad litem*, J. Duane Gilliam, from *Bailey, J.,* 10 October 1966 Civil Session of CUMBERLAND. Docketed and argued as Case No. 707, Fall Term 1966, and docketed as Case No. 693, Spring Term 1967.

This is a civil action brought by petitioners, Wilbur Breece and Bobby Breece, surviving co-executors of the estate of Oscar P. Breece for a declaratory judgment pursuant to the provisions of G.S. 1-253 *et seq.,* to declare rights under the last will and testament of Oscar P. Breece, deceased, and for instruction in respect to the administration of his estate.

Pursuant to the provisions of G.S. 1-262, counsel for petitioners and counsel for respondents in writing waived a trial by jury, and consented that the proceedings be heard by the presiding judge of the Superior Court of Cumberland County. Judge Bailey heard the matter upon the verified pleadings, a written agreed statement of facts, an examination of certified deeds and records, an examination of appraisals and other evidence, including additional admissions of counsel, and an examination of inheritance and other tax returns, and made findings of fact. We summarize, except when quoted, the material findings of fact necessary for a decision of this proceeding, and they are as follows, the numbering of the paragraphs being ours:

(1) Oscar P. Breece died 21 November 1962, leaving a last will and testament executed on 2 November 1959, duly executed and signed, and duly probated on 30 November 1962 in the office of the clerk of the Superior Court in Cumberland County. This last will and testament is set forth in Judge Bailey's findings of fact. Letters of administration were issued 30 November 1962 to Wilbur Breece,

Bobby Breece, and Oscar P. Breece, Jr. No caveat has been filed to his last will and testament, and the statutory period within which a caveat could be filed has expired. The widow of Oscar P. Breece has not dissented from his last will and testament, and the statutory period in which she could dissent has expired.

(2) During the administration of the estate, Oscar P. Breece, Jr., died intestate on 23 March 1965, and Wilbur Breece and Bobby Breece are the living co-executors of the last will and testament of Oscar P. Breece.

(3) The heirs and devisees referred to in the last will and testament of Oscar P. Breece and the only persons interested in his estate are Mary J. Breece, his widow; Wilbur Breece, a brother; Bobby Breece, a son of the testator; Mary Lee Breece Tart, a daughter of the testator; Betty Linville Breece, widow of Oscar P. Breece, Jr., a son of the testator (She is also administratrix of the estate of Oscar P. Breece, Jr.); Arthur Linville Breece, a minor, Edward Vance Breece, a minor, and Oscar P. Breece, III, a minor, all sons born of the marriage between Betty Linville Breece and her deceased husband, Oscar P. Breece, Jr. All the parties above named are properly before the court, the minor respondents being represented by their guardian ad litem, J. Duane Gilliam.

(4) By his last will and testament, Oscar P. Breece devised real property in substance as follows, except when quoted:

ITEM SECOND. To his sons, Oscar P. Breece, Jr., and Bobby Breece, and to his brother, Wilbur Breece, "all of my right, title and interest in Rogers and Breece Funeral Home, including accounts receivable, rolling stock, fixtures and equipment." Testator specifically charged the devisees with the duty of paying out of this devise all debts owing by the said funeral home. This devise includes a vacant lot that forms a part of Rogers and Breece Funeral Home. These tracts of land and the buildings thereon were owned by Oscar P. Breece and wife, Mary J. Breece, as an estate by the entireties, and had an aggregate appraised value of $60,000 at the time of the testator's death.

ITEM FOURTH. To Mary J. Breece, his wife, to have and to hold for the term of her natural life, and at her death to his two sons and to his daughter, in fee simple, "all other property of which I shall die seized and possessed or to which I shall be entitled," the same at this time consisting of two lots of realty on Norwood Street in the city of Fayetteville, four lots of realty on Russell Street in the city of Fayetteville, vacant property on the west side of "C" Street in the city of Fayetteville, and farm lands in Gray's Creek Township. One house and lot at 1104 Norwood Street in the city of Fayetteville was owned by the testator in fee simple, and at his death had

a value of $9,500; one house and lot at 1102 Norwood Street was owned by testator and his wife, as an estate by the entireties, and had a value at his death of $8,500. The four houses and lots on Russell Street were owned by testator in fee simple, and had an aggregate value of $14,000 at his death. The vacant lot on "C" Street in the city of Fayetteville was owned by testator in fee simple, and at his death had a value of $600. The farm lands in Gray's Creek Township were owned by testator and his wife, as tenants by the entirety, and had an aggregate value at testator's death of $12,000. There was a vacant lot on Belmont Circle in the city of Fayetteville owned by testator and his wife as tenants by the entirety, and had a value at testator's death of $2,000.

ITEM FIFTH. To his beloved wife, Mary J. Breece, the house and lot in the city of Fayetteville in which they lived, together with the vacant property forming a part thereof, in fee simple. He also bequeathed to his wife all household and kitchen furniture and furnishings in the home. The house and lot, together with the household and kitchen furniture and furnishings were owned by Mary J. Breece, widow of the testator, in fee simple. The value of this property is not known.

ITEM SIXTH. To his beloved wife, Mary J. Breece; to his daughter, Mary Lee Breece Tart; to his two sons, Oscar P. Breece, Jr., and Bobby Breece, as tenants in common, share and share alike, "all other property, real, personal or mixed, of which I shall die seized or possessed."

(5) At the time of testator's death the buildings and lots on which Rogers and Breece Funeral Home is located, together with the vacant lot forming a part thereof, and the low-rent property on Russell Street were subject to a mortgage in favor of Durham Life Insurance Company, Raleigh, North Carolina, in the sum of $26,422.38, with required monthly payments of $555. By duly recorded deed dated 11 October 1965, Mary J. Breece conveyed to Wilbur Breece, Bobby Breece, and Oscar P. Breece, Jr., all of her right, title, and interest in this funeral home, together with the vacant lot that forms a part thereof, and in consideration of this deed the grantees assumed the indebtedness under the mortgage to Durham Life Insurance Company, and released therefrom the mortgage lien on the Russell Street property in the city of Fayetteville.

(6) During his lifetime Oscar P. Breece had a keen sense of proprietorship over the business which he owned in part, over all the lands owned by him in fee simple, over all the lands owned by him and his wife as tenants by the entirety, and over all lands owned by his wife in fee simple. During his lifetime the testator obtained

life insurance on his life with the proceeds payable to the funeral home, that during his lifetime he transferred ownership of these policies to Rogers and Breece, Inc., with the corporation paying the premiums thereon, and that a short time before his death he personally borrowed on said policies as if they remained his own without corporate approval.

(7) "That the co-executors are now called on to pay extensive state and federal estate and inheritance taxes on the estate of the deceased and to effectually terminate their administration of the said estate. That the amount of such estate and inheritance taxes is substantially affected by the questions raised in this proceeding. That if the said Mary J. Breece, widow of the deceased, was called upon to make an election between property, the ownership to which passed as an operation of law under the rule affecting estates by the entireties and if she did, in truth and in fact, make such an election by failing to dissent to the Last Will and Testament and by collecting the rents and profits derived from the Russell Street properties, which paid to her approximately $40.00 per month net, then she has lost the benefit of a substantial portion of her marital deductions for tax purposes and there is not sufficient funds in the estate with which to pay required estate and inheritance tax assessments and the imposition of such will necessitate a sale of at least some of the real estate devised under the terms of the Last Will and Testament."

Based upon his findings of fact, Judge Bailey entered judgment adjudging and decreeing that by the last will and testament of Oscar P. Breece, deceased, his widow, Mary J. Breece was not put to an election with respect to the two tracts of land located in Cross Creek Township, Cumberland County, the same consisting of the buildings and lands on which Rogers and Breece Funeral Home was operated, together with the vacant lots that form a part thereof; to farm lands in Gray's Creek Township, Cumberland County; to one vacant lot on Belmont Circle in the city of Fayetteville; and to one house and lot located at 1102 Norwood Street in the city of Fayetteville, "and that the said Mary J. Breece, widow, as surviving tenant by the entirety at the time of the death of the deceased, Oscar P. Breece, became the owner in fee of the following lands:

"(1) Two tracts of land located in Cross Creek Township, Cumberland County, North Carolina, described in deeds recorded Book 441, page 364, Cumberland County Registry, and referred to in the Last Will and Testament as 'the buildings and lands on which Rogers and Breece Funeral Home is operated, together with the vacant lots that form a part thereof.'

"(2)   Farm lands in Grays Creek Township, Cumberland County, North Carolina, as described in deed recorded Book 441, page 366, Cumberland County Registry, and referred to in the Last Will and Testament as 'my farm lands in Grays Creek Township.'

"(3)   One vacant lot on Belmont Circle in the City of Fayetteville, North Carolina, and described in deed recorded Book 398, page 177, Cumberland County Registry.

"(4)   One house and lot located 1102 Norwood Street, City of Fayetteville, and described in deed recorded Book 409, page 176, Cumberland County Registry."

The court further adjudged and decreed that under the last will and testament of Oscar P. Breece, deceased, Mary J. Breece was devised a limited life estate in and to one vacant lot located on "C" Street in the city of Fayetteville, and a limited life estate in and to one house and lot located at 1104 Norwood Street in the city of Fayetteville.

From this judgment, appellants appeal.

*J. Duane Gilliam for respondent appellants.*
*James R. Nance for petitioner appellees.*
*Sol G. Cherry for respondent appellees Mary J. Breece and Mary Lee Breece Tart.*

PARKER, C.J.   Appellants have three assignments of error as follows:

"1.   That the court erred in its finding of fact that Oscar P. Breece, testator, was under the mistaken idea that he owned all of the property in which he held any interest and that he had the right to will and devise the same as he saw fit.

"2.   That the court erred in its finding of fact that the testator did not intend that his widow, Mary J. Breece, be put to an election that would require her to forfeit her fee simple ownership arising upon and as an incident to lands owned as an estate by the entireties in order to obtain the other benefits afforded her by the Last Will and Testament.

"3.   That the court erred in its conclusion of law that upon the facts found Mary J. Breece, widow, was not put to an election with respect to lands owned by Oscar P. Breece and Mary J. Breece as an estate by the entirety and the acceptance of a life estate in other lands, including income producing property on Russell Street in the City of Fayetteville and that she, as

surviving tenant by the entirety at the time of the death of the testator, became the owner in fee of all lands owned as an estate by the entirety and the owner of a limited life estate in and to the lands owned by the testator in fee simple."

Appellants do not challenge any pure findings of fact by Judge Bailey. Nearly all of the facts were stipulated and agreed to in writing by counsel for all parties.

The sole question for us to determine is whether or not the doctrine of election applies to the facts in this case.

The doctrine of election has been stated correctly so many times in our cases, and particularly in very recent years by Bobbitt, J., for the Court in *Burch v. Sutton,* 266 N.C. 333, 145 S.E. 2d 849 (1965); Sharp, J., for the Court in *Bank v. Barbee,* 260 N.C. 106, 131 S.E. 2d 666 (1963); and Ervin, J., for the Court in *Lovett v. Stone,* 239 N.C. 206, 79 S.E. 2d 479 (1953); that it would be supererogatory to state it again here, and to attempt to state it again, like the useless labor of trying to pile Ossa on Pelion, might lead to confusion instead of clarity.

Bobbitt, J., said for the Court in *Burch v. Sutton, supra:*

"The doctrine of equitable election is in derogation of the property right of the true owner. Hence, the intention to put a beneficiary to an election must appear plainly from the terms of the will. *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29; *Bank v. Misenheimer,* 211 N.C. 519, 191 S.E. 14; *Rich v. Morisey,* 149 N.C. 37, 62 S.E. 762; *Walston v. College,* 258 N.C. 130, 128 S.E. 2d 134. 'An election is required only when *the will* confronts a beneficiary with a choice between two benefits which are *inconsistent with each other.' Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598. An election is required only if the will discloses it was the testator's manifest purpose to put the beneficiary to an election. *Bank v. Barbee,* 260 N.C. 106, 110, 131 S.E. 2d 666.

"In *Lamb v. Lamb, supra,* in accordance with prior decisions, this Court said: '(I)f, upon a fair and reasonable construction of the will, the testator, in a purported disposal of the beneficiary's property, has ·mistaken it to be his own, the law will not imply the necessity of election.' This statement is quoted with approval in *Bank v. Barbee, supra,* in which pertinent prior decisions are cited."

Sharp, J., said for the Court in *Bank v. Barbee, supra:*

"The doctrine of election has been stated and restated many times by this Court and, in the restating, it has been tempered

somewhat. *Melchor v. Burger,* 21 N.C. 634; *Isler v. Isler,* 88 N.C. 581; *Tripp v. Nobles,* [136 N.C. 99, 48 S.E. 675]; *Hoggard v. Jordan, supra,* [140 N.C. 610, 53 S.E. 220]. The following statement of the doctrine in *Lovett v. Stone,* 239 N.C. 206, 79 S.E. 2d 479, has the full sanction of our decisions today:

> " 'Election is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases *where there is a clear intention of the person from whom he derives one that he should not enjoy both,* the principle being that one shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if legal and well founded, which would defeat or in any way prevent the full effect and operation of every part of the will.' (Italics ours.)"

See also *Sandlin v. Weaver,* 240 N.C. 703, 83 S.E. 2d 806; *Taylor v. Taylor,* 243 N.C. 726, 92 S.E. 2d 136.

> "The cases have always held that there was a presumption that a testator meant only to dispose of what was his own and that all doubts would be resolved 'so that the true owner, even though he should derive other benefits under the will, will not be driven to make an election.' However, if the will discloses a manifest purpose to require an election, then it is immaterial whether he should recognize it as belonging to another, or whether he should believe that he had the title and right to dispose of it. *Isler v. Isler, supra; Horton v. Lee,* 99 N.C. 227, 5 S.E. 404; *Elmore v. Byrd, supra* [180 N.C. 120, 104 S.E. 162]. This is the law today. *Lovett v. Stone, supra; Trust Co. v. Burrus,* 230 N.C. 592, 55 S.E. 2d 183."

"An estate by entirety is based on the fiction of the unity of persons resulting from marriage, so that the husband and wife constitute a legal entity separate and distinct from them as individuals, with the result that together they own the whole, with right of survivorship by virtue of the original conveyance." 3 Strong's N. C. Index, Husband and Wife, § 15.

Oscar P. Breece devises in Item Second of his last will and testament "all of my right, title and interest in Rogers and Breece Funeral Home, including accounts receivable, rolling stock, fixtures and equipment," and including a vacant lot that forms a part of Rogers and Breece Funeral Home, to his sons, Oscar P. Breece, Jr., Bobby Breece, and to his brother, Wilbur Breece. These tracts of land and the buildings thereon were owned by Oscar P. Breece and wife, Mary

J. Breece, as tenants by the entireties. Obviously, upon a fair and reasonable construction of his will, Oscar P. Breece, in his purported disposition of this property of Rogers and Breece Funeral Home, acted under the mistaken belief that he was the sole owner thereof.

Oscar P. Breece devises in Item Fourth of his last will and testament "all other property of which I shall die seized and possessed or to which I shall be entitled, the same at this time consisting of property in Norwood Street in the City of Fayetteville, designated at 1102 and 1104; also property on Russell Street in the City of Fayetteville, designated as 532, 534, 536, and 538; also vacant property on the west side of 'C' Street in said city and my farm lands in Gray's Creek Township, to have and to hold for the term of her natural life and at her death to my sons, Oscar Breece, Jr., and Bobby Breece, and to my beloved daughter, Mary Lee Breece Tart, as tenants in common in fee simple forever." Oscar P. Breece at the time of his death owned in fee simple a house and lot at 1104 Norwood Street, Fayetteville, North Carolina. The house and lot at 1102 Norwood Street, Fayetteville, North Carolina, was held by Oscar P. Breece and wife, Mary J. Breece, as tenants by the entireties. At the time of his death Oscar P. Breece owned in fee simple four houses and lots on Russell Street, Fayetteville, North Carolina. A vacant lot on "C" Street, Fayetteville, North Carolina, was owned in fee simple by Oscar P. Breece. The farm lands in Gray's Creek Township were owned by testator and his wife, Mary J. Breece, as tenants by the entireties. There was a vacant lot on Belmont Circle in the city of Fayetteville owned by Oscar P. Breece and wife, Mary J. Breece, as tenants by the entirety. Obviously, upon a fair and reasonable construction of his will, Oscar P. Breece, in his purported disposition of this property, acted under the mistaken belief that he was the sole owner of all these tracts of land referred to in Item Fourth of his will.

Oscar P. Breece devises in Item Fifth of his will to his beloved wife, Mary J. Breece, the house and lot in the city of Fayetteville in which they lived, together with the vacant property forming a part thereof, in fee simple. He also bequeathed to his wife in this item of his will all household and kitchen furniture and furnishings in the house. This house and lot, together with the household and kitchen furniture and furnishings were owned by Mary J. Breece, his wife, in fee simple. It is manifest, upon a fair and reasonable construction of his will, that Oscar P. Breece, in his purported disposition of this property to his wife, acted under the mistaken belief, as so many husbands do, that he was the sole owner thereof, and that what belonged to his wife belonged to him.

In *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29, this Court, in accordance with prior decisions, said: "(I)f, upon a fair and reasonable construction of the will, the testator, in a purported disposal of the beneficiary's property, has mistaken it to be his own, the law will not imply the necessity of election." This statement is quoted with approval in *Burch v. Sutton, supra,* and in *Bank v. Barbee, supra.*

Respondent appellants cite and stress *Trust Co. v. Burrus,* 230 N.C. 592, 55 S.E. 2d 183. As stated in substance in *Burch v. Sutton, supra,* on account of factual differences, and in the light of our most recent decisions, *Trust Co. v. Burrus* does not control with reference to the factual situation under consideration in the instant case.

Oscar P. Breece's last will and testament, which is the only basis on which the doctrine of equitable election may be invoked, contains no provision that manifests an intent that an election was required by his beloved widow, Mary J. Breece. It is significant that his widow and his daughter, Mary Lee Breece Tart, respondents, did not appeal, and they, by their counsel, have signed petitioners' brief asking that Judge Bailey's judgment be affirmed. Judge Bailey's judgment was correct, and is affirmed, and all of respondent appellants' assignments of error are overruled.

Affirmed.