LILLIAN B. LAMBETH v. JANET L. FOWLER, SUCCESSOR EXECUTRIX OF C. R. LAMBETH, JANET L. FOWLER, INDIVIDUALLY, AND HUSBAND, DONALD S. FOWLER, GERALD LAMBETH, AND WIFE, JUANITA B. LAMBETH

No. 7622SC923

(Filed 6 July 1977)

1. Wills § 64— wife as beneficiary — no election required

The trial court properly concluded that plaintiff, testator's spouse, was not required to make an election where testator referred to all land as "my property," and his will contained no term requiring an election.

2. Wills § 34— farm machinery — life estate given to wife

Where the testator's will provided that all of his personal property should go to his wife for the term of her natural life or widowhood with remainder at her death to their "two children, share and share alike, except the farm machinery which shall be the sole property of Gerald Lambeth in fee," the plaintiff wife was entitled to a life estate in the farm machinery.

Lambeth v. Fowler

APPEAL by plaintiff and defendants Gerald Lambeth and Juanita B. Lambeth from *Barbee, Judge.* Judgment entered 9 June 1976 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 8 June 1977.

This is an action for a declaratory judgment for the purpose of construing the will of C. R. Lambeth, who died on 12 July 1975. He was survived by his wife, who is the plaintiff, and by two children, who, with their spouses, are the defendants. His will was offered for probate on 11 August 1975, and plaintiff qualified as executrix. The following provisions of the will are relevant to this appeal:

"ITEM TWO: I will and devise all of my real property unto my beloved wife, LILLIAN B. LAMBETH, for the term of her natural life or widowhood, with vested remainder thereafter unto our two children in the following manner:

To JANET L. FOWLER and her bodily heirs —

\* \* \* [Six pieces of property are described.]

To GERALD LAMBETH and his bodily heirs:

\* \* \* [Six pieces of property are described.]

ITEM THREE: I give and bequeath unto my beloved wife, Lillian B. Lambeth all of my personal property for the term of her natural life or widowhood to use as she sees fit, with the remainder at her death or widowhood unto our two children, share and share alike, *except the farm machinery which shall be the sole property of Gerald Lambeth in fee.*" (Emphasis added.)

On 12 January 1976 plaintiff resigned as executrix and filed a notice of election, wherein she elected to take a fee simple interest in the three pieces of property described in Item Two which she and the testator had owned by the entirety.

After hearing, the court found that the testator had "erroneously believed that he was the sole fee simple owner of all the tracts of land specifically described in item two of his will" and that he had not manifested a clear intention to put the plaintiff to an election. The court also concluded that even if plaintiff had been put to an election, she had not so elected by qualifying and acting as executrix from 11 August 1975 to 12 January 1976.

Plaintiff was declared to be the owner of a fee simple interest in the three tracts described in Item Two which she and testator had owned by the entirety (two of which would have gone to defendant Gerald Lambeth and one to defendant Janet Fowler). Plaintiff was also declared to be the owner of a determinable life estate in the other nine tracts described in Item Two.

With respect to Item Three, the court declared that the exception of the farm machinery applied to the life estate of plaintiff as well as to the remainder of defendant Janet Fowler and declared that defendant Gerald Lambeth was "the fee simple owner of all farm machinery owned by C. R. Lambeth at his death."

Plaintiff and defendants Lambeth appeal. Subsequent to the filing of briefs, counsel for defendants Lambeth was allowed to withdraw from the appeal.

*Walser, Brinkley, Walser & McGirt by Walter B. Brinkley for plaintiff appellant-appellee.*

*Wilson & Biesecker by Joe E. Biesecker for defendant appellants-appellees.*

CLARK, Judge.

The first issue upon appeal is whether plaintiff was required by the will to make an election.

[1] An election is required only if the will discloses that it was the testator's manifest purpose to put the beneficiary to an election. *Bank v. Barbee,* 260 N.C. 106, 131 S.E. 2d 666 (1963). "The doctrine of equitable election is in derogation of the property right of the true owner. Hence, the intention to put the beneficiary to an election must appear plainly from the terms of the will (citations omitted)." *Burch v. Sutton,* 266 N.C. 333, 335, 145 S.E. 2d 849, 851 (1966). The doctrine does not apply if the testator was under the mistaken belief that he owned the property of the beneficiary, which the testator devised or bequeathed to another. *Breece v. Breece,* 270 N.C. 605, 155 S.E. 2d 65 (1967). Nothing else appearing, factors which belie any intent to put a beneficiary to an election include a description of the property by the testator as "my property" and an absence of an express term requiring election. See *Burch v. Sutton, supra; Bank v. Barbee, supra; Honeycutt v. Bank,* 242 N.C.

734, 89 S.E. 2d 598 (1955). As counsel for plaintiff has pointed out in his well-written brief, in the present case testator referred to all twelve tracts of land as "my property" and his will contains no term requiring an election. In these circumstances we find no error in the judge's conclusion that plaintiff was not required to make an election.

Because of our disposition of this issue, we need not reach the issue of whether plaintiff made an election by qualifying and acting as executrix.

[2] The remaining issue is whether the exception of the farm machinery in Item Three applies to plaintiff's life estate or only to the remainder. The cardinal principle in the construction of a will is to give effect, within the limits of the law, to the intent of the testator as it appears from the language used in the entire instrument. *Olive v. Biggs,* 276 N.C. 445, 173 S.E. 2d 301 (1970). In Item Two testator devised to his wife a life estate in all the real property he thought he owned. This manifests an understandable concern for the security and well-being of his surviving spouse. It is reasonable to infer that this same concern encompassed all of testator's personal property and did not exclude the farm machinery. Moreover, the trial court's interpretation runs contrary to the grammatical sense of the sentence, since it would transpose an exception placed at the end of the clause creating the remainder back to the earlier clause creating the life estate. The court may transpose phrases or clauses when the context manifestly so requires in order to ascertain and effect the intent of the testator. *Entwistle v. Covington,* 250 N.C. 315, 108 S.E. 2d 603 (1959). However, this will not be done where the context does not require. *Jernigan v. Lee,* 279 N.C. 341, 182 S.E. 2d 351 (1971). The rule that a will must be construed from its four corners or contextually does not require courts to give a strained construction contrary to the grammatical sense of the words. *Ward v. Black,* 229 N.C. 221, 49 S.E. 2d 413 (1948). To deprive this plaintiff of a life estate in the farm machinery would be contrary to the grammatical sense of the sentence as well as to the intention and primary concern of the testator. We conclude that plaintiff is entitled to a life estate in the farm machinery, and the judgment is so modified.

As modified the judgment is

Affirmed.

Judges MORRIS and PARKER concur.